WILMA CARR HOUSE, ET AL.

V.

CHARLES M. KIRBY, JR.

Record No. 840069

April 24, 1987

Present: Carrico, C.J., Cochran,* Poff, Compton, Stephenson, Russell, and Thomas, JJ.

---

\* Justice Cochran prepared and the Court adopted the opinion in this case prior to the effective date of his retirement on April 20, 1987.

*Tom C. Smith* for appellants.
*Palmer S. Rutherford, Jr. (Willcox, Savage, Dickson, Hollis & Eley*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In November 1980, Wilma Carr House brought a declaratory judgment action against Nationwide Mutual Insurance Company, seeking a determination that her 1973 Ford automobile was covered by a policy of insurance issued by Nationwide to her husband, Gary Vernon House. While driving this car in January 1980, before her marriage to Gary, she was involved in a collision. She obtained a judgment against the other driver for $300,000 for injuries she sustained in the accident, and she sought but was denied additional sums from Nationwide under the underinsured coverage provisions of Gary's policy. The court ruled that Gary had no insurable interest in the car and therefore the car was not covered under his policy with Nationwide. By order dated June 9, 1982, we refused Wilma's petition for an appeal from this ruling.

In July 1982, Wilma and Gary filed a motion for judgment against Charles M. Kirby, Jr., the Nationwide agent, alleging breach of a contract with Gary to procure insurance. The Houses nonsuited this case and in September 1982 filed a new motion for judgment, alleging breach of contract based on Kirby's failure to provide insurance, negligence in his failure to provide insurance or to advise them of this failure, and fraud based on misrepresenta-

tions made to Nationwide. It appears that the allegation of fraud was predicated upon alleged misrepresentations by Kirby that caused Nationwide to include Wilma's car under Gary's policy when Wilma, not Gary, was the owner of the car. Kirby filed grounds of defense and a special plea asserting that the earlier declaratory judgment ruling barred this action; he also filed a plea of the statute of limitations as to the fraud claim. The court sustained both special pleas, finding the negligence and contract claims barred by the prior litigation with Nationwide and finding the fraud claim barred by the one-year statute of limitations of Code § 8.01-248.

The Houses contend their claim against Kirby was not barred by collateral estoppel, and we agree.

> Collateral estoppel is the preclusive effect impacting in a subsequent action based upon a collateral and different cause of action. In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.

*Greene* v. *Warrenton Credit Assoc.*, 223 Va. 462, 466-67, 291 S.E.2d 209, 212 (1982), *quoting Bates* v. *Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974) (footnotes and emphasis omitted).

At issue in the declaratory judgment action was whether Nationwide, acting through its agent, Kirby, was bound by contract to provide coverage for the car. The court ruled that Nationwide was not so bound. In this case, however, the issue is whether Kirby assumed a duty to procure insurance coverage from Nationwide for this car. The position of the Houses is that Gary made full disclosure of the pertinent facts to Kirby and Kirby agreed to obtain coverage from Nationwide based on those facts but then submitted incorrect information to Nationwide so that valid coverage was not obtained. This issue was not raised or actually litigated in the proceeding against Nationwide, nor was resolution of this issue essential to the judgment for Nationwide in that action.*

---

* Kirby argues that, because he was an agent for a disclosed principal, he could not be held personally liable for breach because he had disclosed the fact of his agency and the name of his principal. As these facts were litigated in the declaratory judgment proceeding,

■ Kirby argues that resolution of the issues presented in this action rests on the same evidence presented in the declaratory judgment action. The questions of fact regarding the dealings between Gary and Kirby relevant to Wilma's car were never decided in that case, however, as the trial court held as a matter of law that there was no insurance contract because Gary had no insurable interest in the car. The evidence relevant to the issue in this case — whether Kirby independently contracted to procure insurance for the car — necessarily will include the accounts of Gary and Kirby of their conversation in 1979 about insuring the car, duplicating some of the testimony elicited in the action against Nationwide. But such duplication of evidence in a second trial does not require application of the doctrine of collateral estoppel where the issue to be decided is distinct from and unrelated to any issue actually resolved in the first trial. As the issue of Kirby's liability for negligence and breach of a contract to procure insurance has not previously been litigated, it is not barred by collateral estoppel. Accordingly, we will reverse that portion of the trial court's judgment dismissing these claims and remand the case for trial.

■ The Houses also contend that the trial court erred in ruling that their fraud claim was barred by the statute of limitations, arguing that the three-year period applicable to oral contracts should apply because the alleged misrepresentation occurred in the context of a contractual relationship. We do not agree.

The cases relied on by the Houses, *e.g., Oleyar* v. *Kerr, Trustee,* 217 Va. 88, 225 S.E.2d 398 (1976), and *Virginia Military Institute* v. *King,* 217 Va. 751, 232 S.E.2d 895 (1977), involved claims of negligence against attorneys or architects which, though sounding in tort, were actually actions for breach of contract. Fraud, however, is purely a tort; it involves a misrepresentation, detrimentally relied upon, that occasions a loss. *See Pigott* v. *Moran,* 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986); *Jefferson Stand. Ins. Co.* v. *Hedrick,* 181 Va. 824, 833-34, 27 S.E.2d 198, 202 (1943). The duty to refrain from fraudulent acts is imposed by tort law, not by any contract between the parties. The character of fraud is

he says, they cannot again be tried in this case. But, as is stated in his brief and the cases he cites, the rule of non-liability for an agent of a disclosed principal applies only with respect to contracts he makes as agent for the principal. *See, e.g., Richmond, &c. R. Co.* v. *N.Y. &c. R. Co.,* 95 Va. 386, 395, 28 S.E. 573, 576 (1897). It does not absolve him of liability for contracts he makes personally, outside the scope of the agency relationship.

not changed from tort to contract merely because the parties are also engaged in a contractual relationship. Thus, the three-year period of limitations applicable to actions on oral contracts does not apply to this claim of fraud.

In *Pigott*, we held that the one-year limitations period of § 8.01-248 is applicable to actions for fraud, and we reaffirm that ruling. *See Pigott*, 231 Va. at 81, 341 S.E.2d at 182. Accordingly, we will affirm the trial court's application of this limitations period and dismissal of the fraud claim.

*Affirmed in part;*
*reversed in part;*
*and remanded.*