861 F.2d 265
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MARKDATA, INCORPORATED, Plaintiff-Appellee,
v.
SEASIDE PROPERTIES, INCORPORATED, Ronald R. Vail, Vacation
Marketing, Incorporated, Defendants-Appellants.
 No. 88-3917.
 United States Court of Appeals, Fourth Circuit.
 Argued July 28, 1988.
Decided Oct. 5, 1988.
 
 Robert L. Vaughn, Jr. (Miller & Bucholtz on brief) for appellants.
 Richard M. Wexell (Julene M. Quinn on brief) for appellee.
 Before DONALD RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellants, Ronald R. Vail and Seaside Properties, Inc., appeal the decision of the district court, holding them jointly and severally liable in the amount of $21,247.58 for breach of contract with the plaintiff-appellee, Markdata, Inc. We affirm.
 
 
 2
 Vail, a former competitor, was, at the times pertinent here, a salesman for Markdata, a company which engaged in direct mail and marketing and related activities.
 
 
 3
 On March 14, 1986, Vail and Markdata entered into a Mail Marketing Service Agreement by which Markdata was to provide direct mail services for the Trails End Resort, a timeshare campground project owned by Seaside Properties which was owned by Vail. Vail signed the agreement in his own name without any designation of corporate capacity on that part of the agreement at which the signature was affixed.
 
 
 4
 During the next few months, Markdata rendered printing, mailing and associated services as requested by Seaside Properties. The business association between Vail and Markdata was not successful, however, and Vail was terminated as a salesman in July of 1986. At this time, Markdata sought payment of the balance due on the Seaside Properties account. After a series of letters were exchanged in an attempt to resolve the account, Markdata filed this suit.
 
 
 5
 The district court held in favor of the plaintiff, Markdata, on all but one invoice, for which it credited the claimed account, and found Vail and Seaside Properties jointly and severally liable for $21,247.58.
 
 
 6
 The defendants appeal the district court's ruling on the ground that the lower court erred in entering judgment against Vail individually and in the amount awarded.
 
 
 7
 Unless the existence of an agency relationship depends upon unambiguous written documents or undisputed facts, the question of whether or not an agency exists is a question of fact. Drake v. Livesay, 341 S.E.2d 186, 189 (Va.1986). The district court in this case held that Vail signed the agreement with Markdata in his individual capacity and also on behalf of Seaside Properties. Under Rule 52(a) of the Federal Rules of Civil Procedure, a district court's findings of fact cannot be set aside "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Further, this court can find no clear error if there are two permissible views of the evidence, as here, and the district court as fact finder simply chose one over the other. David v. Food Lion, 792 F.2d 1274 (4th Cir.1986).
 
 
 8
 In this case, there was conflicting evidence on whether Vail intended to be personally bound by his signature on the agreement with Markdata.[1] After viewing all the documentary evidence and hearing all the testimony, the district court simply found the evidence for the plaintiff to have greater weight. We cannot reverse this decision if the district court's account of the evidence is plausible in light of the record viewed in its entirety, as it is here. Davis, 792 F.2d at 1277.
 
 
 9
 Vail's principal argument is that when an agent is dealing for a disclosed principal, he does not incur personal liability. Thus, the argument goes, since it is admitted that Seaside was his principal, he is not liable. See Richmond Union Pass. Ry. Co. v. New York Seabeach Ry. Co., 28 S.E. 573, 576 (Va.1897). While this rule is true when the agent is dealing only for his principal, it does not prevent the agent from also binding himself personally, as Richmond Ry. points out. 28 S.E. at 576. Furthermore, this rule will not absolve an agent of liability for any contracts he makes personally, outside of the scope of his agency relationship. House v. Kirby, 355 S.E.2d 303, 305 n. ** (Va.1987).
 
 
 10
 Here, the district court found that Vail entered into the contract both individually and on behalf of Seaside Properties. This finding is supported by the evidence and therefore must stand.
 
 
 11
 Defendants further argue that the district court erred in the amount it awarded the plaintiff by failing to reduce the judgment by unreimbursed office expenses owed to Vail, and in that the amount used to calculate the judgment varied from the price in the agreement itself. There was evidence that the contract unit price had been adjusted and, if not, an adjusted price accepted, so that is a matter of fact which we will not disturb. The question of office expenses was not raised in the district court, and we decline to consider it here. McGowen v. Gillenwater, 429 F.2d 586 (4th Cir.1970).
 
 
 12
 The judgment of the district court is accordingly
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 While Vail contested at trial the authenticity of his signature on the agreement, the district court held that it was his signature, and he does not question this holding on appeal