# CIRCUIT COURT OF FAIRFAX COUNTY

McElhone et al.

v.

Gale

May 22, 1989

Case No. (Law) 78056

By JUDGE JACK B. STEVENS

This matter is before the Court upon the Demurrer to the Motion for Judgment and the Plea of the Statute of Limitations to Count II thereof. For the reasons that follow, the Demurrer is overruled in part, granted in part, and the Plea is sustained.

The Demurrer is based upon the grounds that (1) the defendant owed no duty to plaintiffs as a matter of law; (2) the defendant's alleged acts or omissions were not the proximate cause of plaintiffs' damages as a matter of law; and (3) the Motion for Judgment is barred by the Doctrine of Collateral Estoppel.

As to ground (1), the Court understands defendant's argument to be that no attorney-client relationship comes into existence simply because the defendant was the registered agent of the corporation of which plaintiffs were officers and directors, and therefore, no duty to plaintiffs from defendant came into existence. *In Re Chantilly Construction Corp.*, 39 B.R. 466 (E.D. Va. 1984). See also Section 13.1-634, Code of Virginia (1950), as amended. Plaintiffs agree with defendants' registered agent but contend that an attorney-client relationship with the plaintiffs *individually* is expressly alleged without regard to defendant being registered agent for the corporation. While a Demurrer admits all facts well pleaded, *Duggin v. Adams*, 234 Va. 221 (1987), it does not admit conclusions

of law nor admit inferences or conclusions from facts not stated. *Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 318-19 (1966). Allegations of the plaintiffs in their Reply Memorandum, such as representations of the defendant and contractual agreements between the parties, are simply not alleged in the Motion for Judgment and may not be considered. As such, the Demurrer is sustained as to ground (1), with leave to file a Second Amended Motion for Judgment within twenty days of the entry of an Order reflecting the Court's ruling herein.

Ground (2) is based upon defendant's assertion that any action or inaction by him could not be the proximate cause of any damage to plaintiffs as a matter of law. Presumably, this position is premised upon the Court's opinion in *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531 (4th Cir. 1988). The Court stated in the course of its opinion that plaintiffs knew or should have known that the corporation was not furnishing the defendant the necessary information or funds to file annual reports and pay fees and taxes. *Id.* at 536. This part of the opinion is directed toward the Court's holding that neglect of the registered agent did not absolve the directors from liability to third parties. As such, it is inapposite to the question of proximate cause of the plaintiffs' alleged damages, and the Demurrer is overruled as to ground (2).

Ground (3), collateral estoppel, is presumed to be based upon the same portion of *Flip Mortg. v. McElhone, supra*, as was ground (2). The Demurrer is overruled on this ground for the same reason as ground (2), the factual issue litigated and decided in *Flip* not being the same issue of fact as is raised here. *House v. Kirby*, 233 Va. 197 (1988).

The Plea of the Statute of Limitations is well taken as to Count II. The original action filed here was based upon contract; there was no allegation of any duty of the defendant to do anything other than that imposed by contract. As such, the statute was not tolled in any respect and has long since expired as to any action or inaction of the defendant claimed to be negligent.