George L. STARKS, Jr. and Jacqueline M. Starks, Plaintiffs,

v.

ALBEMARLE COUNTY and Charles William Hurt, Defendants.

Civ. A. No. 88–0042–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Aug. 9, 1989.

Sa'ad El–Amin, El–Amin & Carr, Richmond, Va., for plaintiffs.

George R. St. John, County Atty., Albemarle County, Charlottesville, Va., for County of Albemarle.

Stuart F. Carwile, Wiley, Rein & Fielding, Washington, D.C., for Charles W. Hurt.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Defendant Albemarle County brings its motion for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure. Defendant Charles William Hurt brings his motion to dismiss plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated *infra*, the motions of both defendants are granted.

## I. *Background*

The facts in this case are undisputed by the parties. The plaintiffs, George and Jacqueline Starks, brought this action in order to recover for damages suffered as a result of the flooding of their home on May 28, 1982. The Starks allege that both Albemarle County and Hurt, a real estate developer, were aware that the specific lot which Hurt sold to the Starks was at the lowest point of a drainage basin and was located in a flood-prone area. Because statutes of limitation are involved in defendant Hurt's motion to dismiss, the following chronology of the events relating to this claim is appropriate.

On June 21, 1976, the Starks purchased the lot in question, located in the Berkeley subdivision, from defendant Charles Hurt. A house was later built on this property. On June 1, 1979, the plaintiffs experienced serious flooding problems for the first time. In the fall of 1980, the County built a larger culvert in the area to help alleviate the flooding problem in the vicinity of the Starks' home and lot. On May 28, 1982, the Starks' house was destroyed as a result of severe flood damage. On June 8, 1983, the Albemarle County Board of Supervisors disallowed the plaintiffs' claim, allowing the Starks to proceed in a civil suit against the County pursuant to Va.Code § 15.1–552. On September 20, 1983, the plaintiffs filed their complaint in the Circuit Court for Albemarle County. In 1988, the state action was non-suited and the action in this court was filed. This court has jurisdiction over this action based on the amount in controversy and diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), since the Starks are now citizens and residents of the State of Pennsylvania. As this court has jurisdiction on the basis of diversity of citizenship and amount in controversy, Virginia law governs the outcome of this case. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II. *The Court Grants Defendant Charles William Hurt's Motion to Dismiss.*

The plaintiffs' complaint predicates defendant Hurt's liability strictly upon his failure to reveal to the Starks that the lot in question was located in a flood prone area. *See* Complaint, para. 32. The plaintiffs allege that Hurt's failure to reveal this material fact was intended to deceive and defraud the Starks in order to induce them to enter into the contract of sale.

Hurt counters that the plaintiffs' complaint against him fails for three reasons: first of all, Hurt argues that all of the plaintiffs' causes of action against him, even the one based on fraud, have been extinguished by Virginia's five-year statute of repose. Secondly, Hurt contends that the plaintiffs' fraud claim against him is not actionable since it was not brought within the applicable one-year limitation period. The court notes here that the plaintiffs' complaint clearly alleges the discovery of the fraud in 1979. Finally, Hurt maintains that pursuant to the doctrine of *caveat emptor*, Hurt's mere silence regarding the flooding potential of the land was lawful and cannot support a cause of action for fraudulent concealment.

■ The court is not convinced that Virginia's five-year statute of repose on actions for damages "arising out of the defective and unsafe condition of an improvement to real property" should apply in this situation. *See* Va.Code § 8.01–250. However, this court holds that since the plaintiffs have not demonstrated why the statute of limitations for a fraud action should have been tolled in this case, their suit against Hurt is time-barred. In *House v. Kirby*, 233 Va. 197, 355 S.E.2d 303 (1987), the Virginia Supreme Court affirmed its position that the one-year limitation period of Va.Code § 8.01–248 is applicable to actions for fraud. The *Kirby* court noted that fraud is purely a tort, involving a misrepresentation which is de-

trimentally relied upon and subsequently causes a loss. The court held that the character of fraud is not changed from tort to contract merely because the parties are also engaged in a contractual relationship, and that the fraud one-year period of limitations, and *not* the oral contract three-year period, is applicable.

In addition, the court is persuaded by Hurt's *caveat emptor* argument. The only allegations the Starks make against Hurt in the complaint involve his failure to reveal the flood-prone nature of the plot prior to its sale. The Starks have not alleged that Hurt did anything to divert them from making inquiries or from inspecting the premises. Only such diversions would suspend the usual rules of *caveat emptor. See Armentrout v. French*, 220 Va. 458, 258 S.E.2d 519 (1979). The parties agree that Hurt did not make any fraudulent statements in an effort to divert the Starks from making inquiries or from inspecting the premises. In such situations, the Virginia Supreme Court adheres to the doctrine of *caveat emptor. See, e.g., Kuczmanski v. Gill*, 225 Va. 367, 302 S.E.2d 48 (1983). Since, in this court's judgment, the plaintiffs have not satisfied one of the exceptions to the doctrine of *caveat emptor,* and since their other cause of action against Hurt is time-barred, this court finds that the Starks have not stated a claim upon which relief can be granted.

The United States Supreme Court articulated, and the Fourth Circuit reaffirmed, standards governing Rule 12(b)(6) motions as follows: a motion to dismiss should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Byrd v. Gate Petroleum Co.*, 845 F.2d 86, 87 (4th Cir.1988). This court is satisfied that no set of facts the Starks could plead against Hurt under the current state of statute of limitations and *caveat emptor* law could allow them to prevail against Hurt. Accordingly, the court grants Hurt's Rule 12(b)(6) motion to dismiss.

## III. *The Court Grants Defendant Albemarle County's Motion for Summary Judgment.*

The plaintiffs assert that Virginia law provides a right of action against a Virginia county when the action is grounded in contract rather than tort. *See Burns v. Bd. of Supervisors of Fairfax County*, 218 Va. 625, 238 S.E.2d 823 (1977). Although Albemarle County is immune from tort liability resulting from the actions of its employees, the plaintiffs argue that they can recover against the County on an implied in law or implied in fact breach of contract basis grounded on Virginia constitutional principles.

Art. I, § 2 of the Constitution of Virginia prohibits the General Assembly from passing any law whereby private property shall be taken or damaged for public uses without just compensation. Therefore, the Starks argue, the appropriate inquiry is whether the complaint alleges facts sufficient to show a "taking" or "damaging" for "public purposes." The Starks claim that the installation of a culvert for flood control is clearly a public purpose under the reasoning of *Burns*. They argue that by constructing the culvert to avoid flooding in the area of the plaintiffs' home, the County impliedly warranted that it would compensate the plaintiffs for its failure to construct the culvert in accordance with its representations. The plaintiffs argue the County is thus liable on an implied contract theory.

In their amended complaint, the plaintiffs add that the implied contract included the County's obligation to pay the plaintiffs for any property destroyed and damaged as a result of the public use decisions and actions in respect to the drainage. The amended complaint also states that the County is liable on this theory because it substantially increased the hazard to the plaintiffs' property when it failed to place cement headwalls on the replaced culvert and failed to improve the drainage under Route 29, both of which decisions allegedly caused an increase in the volume and flow

of the runoff which occurred in the flooding of May, 1982.

In the *Burns* case, the plaintiffs alleged that their property had been diminished in value by great quantities of water discharged directly onto their land by a storm sewer system used and maintained by the County Board of Supervisors. The court held that the storm sewer system, even though it was built by a private developer, was accepted by the County, and the court inferred this acceptance to be for "public use," as a public body can acquire property only for a public purpose.

However, this court finds that the facts of *Burns* clearly distinguish it from the case at bar. *Burns* involved an action for inverse condemnation of the easement across the plaintiff's land for the passage of water being discharged from a storm sewer system used and maintained for public purposes. In the case at bar, Albemarle County never took any part of the Starks' property, nor did the County devote any part of the Starks' property to a public use or a County purpose. The Starks do not allege that the County's storm sewer system caused the runoff which damaged their house or their personal property. Indeed, the plaintiffs state that the flooding was due to the fact that the land was at the lowest point of a drainage basin and was located in a flood prone area.

The culvert certainly satisfies the "public purposes" portion of the applicable provisions of the Virginia Constitution. However, it does not satisfy either the "taking" or "damaging" requirements. The County intended that the culvert would reduce the problem of flooding. Therefore, since the facts in the Starks' case are substantially different from the facts in *Burns*, the Starks' allegations constitute no more than an action in tort for detrimental reliance on the County's alleged misrepresentations regarding the culvert. As discussed, the County holds sovereign immunity with regard to any tort actions.

Rule 56 requires a party seeking summary judgment to bear the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This burden may be satisfied by "pointing out to the district court ... that there is an absence of evidence to support the non-moving party's case." 477 U.S. at 325, 106 S.Ct. at 2554. *See also Goldberg v. B. Green & Co., Inc.,* 836 F.2d 845, 847 (4th Cir.1988). Rule 56(e) states further that the non-moving party must then go beyond his pleadings and, by his own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. at 324, 106 S.Ct. at 2553. Although the offered evidence must be viewed in the light most favorable to the non-moving party (*see e.g. United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)), that evidence must still provide a genuine issue for trial, pursuant to Fed.R.Civ.P. 56(e)—that is, the evidence must be "such that a reasonable jury could return a verdict for the non-moving party." *See e.g. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Since, as the court has noted, no genuine issue of material fact exists, and since the law in this situation is so decidedly on the side of the County, the court grants the motion for summary judgment in favor of defendant Albemarle County, in accordance with Rule 56 of the Federal Rules of Civil Procedure.

## IV. *Conclusion*

This court has no doubt that the plaintiffs suffered. The floods which destroyed their home also damaged the quality of their lives. However, the court cannot create a remedy where none exists in the law. Sometimes, as in this case, that is regrettable, but it is an implacable fact of judicial life.

The court must feel compassion for the plaintiffs. However, grievous though the plaintiffs' injuries may be, it would also be a grievous wrong to make Albemarle County compensate the plaintiffs when the County has no duty to do so. Indeed, some

of the injuries suffered by the plaintiffs might have been avoided had the plaintiffs more thoroughly investigated and inspected the property before they purchased it.

The law is not perfect. Usually, it can resolve disputes among us. Usually, it can help alleviate pain or loss, if not with emotional compensation, then with monetary compensation. But the law is what society makes it. The same law that sets us free by setting things right also handcuffs when it cannot set things right. When society has not prescribed a remedy through law for an injury, the courts are powerless to do so.

An appropriate Order shall this day issue.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

that:

1. The motion for summary judgment filed by defendant Albemarle County shall be, and it hereby is, granted.

2. The motion to dismiss filed by defendant Charles William Hurt shall be, and it hereby is, granted.

3. This case shall be, and it hereby is, dismissed with prejudice and stricken from the docket of this court.

The clerk is hereby directed to send a certified copy of this Order, and the accompanying Memorandum Opinion, to all counsel of record.