## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Metropolitan Authority

v.

McDevitt Street Bovis, Inc.,
and Torrence, Dreelin,
Farthing & Burford, Inc.

May 6, 1997

Case No. LC-390-3

BY JUDGE T. J. MARKOW

This case is before the Court on Pleas of Statute of Limitation and Repose filed by both Defendants. The Court has reviewed the arguments contained in the parties' briefs, the arguments presented to the Court at the hearing, and the applicable law and renders the following opinion.

Plaintiff contracted with Defendants with respect to the construction of a baseball stadium owned by plaintiff and popularly called "The Diamond." Defendant McDevitt Street Bovis, Inc., (McDevitt) was the contractor. Defendant Torrence, Dreelin, Farthing & Burford, Inc., (TDFB) was to provide engineering, design, and architecture services. The stadium was constructed and deemed complete in 1985. Plaintiff contends that, in 1996, it discovered substantial latent deviations from the design specifications. The deviations involved McDevitt's failure to cover post-tensional steel rods in the supporting elements of the structure with grout and TDFB's failure to assure specification compliance. It further contends that it has suffered damages in that it must expend significant monies to bring the structure up to specifications.

The Motion for Judgment is in six counts. The first count alleges breach of contract by McDevitt. The second and third counts advance theories of actual and constructive fraud, respectively, against McDevitt. The fourth count alleges breach of contract by TDFB. The fifth count proceeds under a theory of constructive fraud against TDFB. The sixth count asserts a negligent breach of a fiduciary duty by TDFB.

Both Defendants have asserted that the claims relating to breach of contract are barred by the applicable statute of limitations. Defendant TDFB also asserts that the negligent breach of fiduciary duty claim is barred by a statute of limitations. Both Defendants also claim that all counts are barred by the statute of repose. Va. Code Ann. § 8.01-250. Plaintiff claims to be exempt from the statutes of limitation as a government entity. See Va. Code Ann. § 8.01-231. It further claims that the statute of repose does not apply to causes of action such as those asserted here.

Plaintiff claims immunity from the operation of the statute of limitations under Va. Code § 8.01-231, which provides: "No statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same."

Plaintiff argues that it is a political subdivision of the Commonwealth, a municipal corporation created by statute, performing a governmental function. As such, it seeks to be treated as an "arm" of the Commonwealth. Defendants argue that the plain language of the statute applies only to the Commonwealth itself, that the construction and maintenance of a baseball stadium is proprietary, not governmental, and that Plaintiff is answerable to local government, not the Commonwealth.

The Court agrees with Defendants that the plain meaning of the statute should control. *Marsh v. City of Richmond*, 234 Va. 4 (1987). That plain meaning exempts the Commonwealth from the limitations bar. It does not apply to subdivisions of the Commonwealth. Plaintiff cites as contrary authority that some government entities other than the Commonwealth enjoy this exemption, as well. *See Eastern State Hospital v. Graves*, 105 Va. 151 (1906). Eastern State Hospital, however, was and is an agency of the state, answerable to the state and organized as the means of providing clearly governmental purposes.

A predecessor of the current law was examined by the Virginia Supreme Court in *Burns v. Stafford County*, 227 Va. 354 (1984). That case held that the policy which surrounds the statute of limitations compels that doubt as to its application be resolved by limiting exemptions from a statute of limitations. *Id.* at 359. As already noted, the Court in that case was examining a predecessor statute. The older statute contained the same language as the

current version, only adding the following sentence after the first: "This section shall not, however, apply to agencies of the State incorporated for charitable or educational purposes." Va. Code § 8-35. The implication of the inclusion of this sentence is that the legislature meant to provide the exemption for all agencies of the State which were not specifically excluded. It follows then, that the later amendment, eliminating this second sentence would apply the exclusion to these entities, as well. Under this reasoning, Plaintiff would enjoy the benefit of the exemption.

However, prior to this amendment, the Supreme Court had examined and commented on the statute in *Burns*. That Court had not applied the statute to a government entity which was not explicitly excluded by the then existing statute. The Court specifically announced that it would read the statute narrowly and that if the General Assembly wished to exempt an entity other than the Commonwealth itself, it must do so explicitly. *Burns*, 227 Va. at 359-60. In a situation such as this, the General Assembly is presumed to know the law as the Court has stated it. *Id.* at 360; *Jones Const. Co. v. Martin*, 198 Va. 370 (1956). Based on the Supreme Court's reading of the statute in *Burns*, the second sentence was no longer necessary. Charged with knowledge of the *Burns* case, the General Assembly's action in amending the statute was simply to remove superfluous language. Therefore, according to *Burns*, the exemption from the statute of limitations may be invoked by the Commonwealth, but not by other subdivisions of the state. *Burns*, 227 Va. at 358 (quoting *Johnson v. Black*, 103 Va. 477, 492 (1905)).

The only way for Plaintiff to enjoy the exemption provided by Va. Code § 8.01-231, then, is to be the Commonwealth. Plaintiff claims to be acting as an agent of the Commonwealth in that it was created by the General Assembly for state purposes, such as relieving highway congestion. However, this ignores the basis of this suit, which is not about highway congestion, or any other potentially governmental function, but is about the construction of a baseball stadium. Plaintiff claims that the construction of a baseball stadium is a governmental function. To support this claim, it cites to the statute creating the Virginia Baseball Stadium Authority and calling that a governmental function. Va. Code § 15.1-227.89. The Court rejects this authority as being inapplicable to the present case. That is a different agency, answerable to different authority, and created for a different purpose (even the type of baseball team planned to occupy the respective stadiums is different). Furthermore, the provisions concerning the Plaintiff do not contain such language.

Plaintiff is an auxiliary arm of local government. It is the *Richmond* Metropolitan Authority. Its Board of Directors is made up of two members

appointed by the Henrico County Board of Supervisors; six members appointed by the Mayor of the City of Richmond, with the approval of the City Council; and one *ex officio* member from the State Highway Commission, appointed by its commissioner. Acts of Assembly § 33-255.44:12. The revenue bonds which finance the projects of Plaintiff are specifically declared not to be debts of the Commonwealth. Acts of Assembly § 33-255.44:15. The construction of the baseball stadium specifically requires the approval of the Richmond City Council and Henrico and Chesterfield Boards of Supervisors. Acts of Assembly § 33-255.44:13(e1). While the Court does not address the issue of whether Plaintiff can ever be considered an agent of the Commonwealth, it is clear that in the circumstances of this case, the construction of a baseball stadium, Plaintiff is acting on behalf of local government, and not the Commonwealth. The Court, thus, finds that the exemption from the statute of limitations provided in Va. Code § 8.01-231 does not apply to this plaintiff.

An action for a breach of contract in writing must be brought within five years after the cause of action has accrued. Va. Code § 8.01-246(2). A cause of action for a breach of contract accrues "when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered." Va. Code § 8.01-230. In this case, the contracts were performed, and breaches, if any, occurred, no later than sometime in 1985, when the duties under the contracts were deemed discharged upon completion of the stadium. As such, the five year period has lapsed. Since the Court does not agree with Plaintiff that it is exempted from this limitation, the contract claims (Counts 1 and 4) are barred. Having found the statute of limitations to apply to these contract actions, the Court need not address whether the statute of repose would apply to these counts. Count 1 and Count 4 of the Motion for Judgment shall be dismissed.

Count 6, which claims a negligent breach of fiduciary duty by TDFB, whether construed to sound in tort or contract, is also barred by the applicable statute of limitations. Assuming, without deciding that there is such a cause of action, if this is a tort claim, it falls under Va. Code § 8.01-248 which imposes a one year limitation on all personal actions for which no other term has been specified. If this is a contract claim, the same analysis that applied to Counts 1 and 4 would apply to this claim, as well. Since Plaintiff is not immune from these limitations, it is barred as to Count 6.

As to Counts 2, 3, and 5, these are for fraud. As such, the cause of action did not accrue until such time as the fraud was "discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-249. Defendants have not proved that the fraud, if any, should have been

discovered years ago. There is no evidence to support a finding that the statute of limitations barring fraud has run.

Defendants do claim, however, that the statute of repose functions as a bar to these claims. The statute of repose states:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property ... shall be brought against any person performing or furnishing the design, planning, surveying, supervision or construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

Va. Code § 8.01-250. Unlike the statute of limitations, this is a substantive bar of claims, conferring on the defendants (upon the expiration of the time period) the right not to be sued for such claims, irrespective of whether the cause of action has accrued. *School Bd. of the City of Norfolk v. United States Gypsum Co.*, 234 Va. 32, 36-37 (1987). Defendants argue that this acts as a bar to all causes of action which are based in damage to property.

The Court notes that a claim based in fraud is based on injury to the person, not to property. *J. F. Toner & Son v. Staunton Prod. Credit*, 237 Va. 155, 158 (1989) (the consequence of fraud in transactions involving real estate is personal damage rather than injury to property). By the plain language of the statute of repose, it applies to injuries to property, bodily injury and wrongful death. Since fraud involves an injury unlike those mentioned in the statute, the statute does not constitute a bar to Plaintiff's claims for fraud. *Accord Starks v. Albemarle County*, 716 F. Supp. 934, 936 (W.D. Va. 1989). Therefore, the Defendants' pleas as to Counts 2, 3, and 5 of the Motion for Judgment shall be overruled.