## CIRCUIT COURT OF LOUDOUN COUNTY

Mountain Venture Partnership
Lovettsville II et al.

v.

Town of Lovettsville
and Dewberry & Davis, Inc.

Case No. (Law) 18525

BY JUDGE JAMES H. CHAMBLIN

October 14, 1997

After consideration of the argument of counsel on October 2, 1997, and the authorities cited, the Plea of Sovereign Immunity is granted, the Demurrer is sustained in part and overruled in part, and the Complainants are granted leave to file a further amended motion for judgment.

All of the facts alleged in the First Amended Motion for Judgment involve the actions of the Town of expanding its sewer plant. The adoption of a plan for the improvement of the sewer plant is a governmental function. Hence, the Town is not liable for damages caused by its negligence. *See, e.g., Howlett v. South Norfolk,* 193 Va. 564, 567 (1952). However, I must note that Count IV alleges an intentional tort, fraud, not negligence. Counsel argued and cited negligence cases. Perhaps there is a difference when an intentional tort is alleged, but that issue is not decided here. It may be raised later because the Complainants are granted leave to file a further amended motion for judgment. Based upon the facts alleged and the way counsel argued the Plea, it is granted.

The Demurrer is sustained on the following grounds.

1. There are no facts alleged, or even reasonably inferred, that can support a finding that Dewberry & Davis, Inc. ("D&D") acted as the agent of the Town and/or the Town Council. There is nothing in the Settlement Agreement to support an agency relationship. A "consulting engineer" is not an agent. A mere allegation of agency or agency authority is not sufficient.

2. As to Count I (Breach of Settlement Agreement), there are no facts alleged or inferred that show that the Town failed to perform any duty imposed on it under the Settlement Agreement.

3. As to Counts II and III (Mutual Mistake of Material Fact), the facts alleged merely support a ground for rescission of the Settlement Agreement, but the Complainants do not seek such relief. They seek only a judgment against the Defendants. I agree with the Defendants that these two counts are subsumed in the breach of contract claim.

The Demurrer is overruled as to the ground that the alleged representations by D&D are opinions and not facts. A statement within the range of the expert knowledge of an engineer made to a person known by the engineer to be relying on his opinion may be the basis of a fraud claim if the other elements of fraud are present.

Assuming D&D did know before the Settlement Agreement was executed that the expansion to the sewer plant could not be done for $1,200,000.00, there is nothing alleged to impute this knowledge to the Town or the Town Council by agency or otherwise. Absent other facts, it appears that this situation was contemplated by the parties in Paragraph 3.5 of the Settlement Agreement, wherein Mountain Venture is not relieved of its obligation to reimburse the Town for the engineers' services even if the estimated project cost exceeded $1,200,000.00, unless the parties agree otherwise.

## April 16, 1998

On March 5, 1998, I made my rulings on the demurrers and special pleas taken under advisement in this matter. Those rulings are as follows:

1. The Demurrer of the Town of Lovettsville to Counts IV and V of the Second Amended Motion for Judgment is sustained. These two counts are dismissed with prejudice.

2. The Demurrer of Dewberry & Davis to Counts I, II, III, and VI of the Second Amended Motion for Judgment is sustained. The Special Pleas of Dewberry & Davis to Counts II, III, and VI of the Second Amended Motion for Judgment are sustained. These four counts are dismissed with prejudice.

3. The Demurrer of Dewberry & Davis to the Third Party Motion for Judgment of the Town is sustained. The Third Party Motion for Judgment is dismissed with prejudice.

By agreement of the parties, these rulings were made upon consideration of the papers filed in this case, without oral argument.[1] The purpose of this letter is to provide the reasons for my rulings.

A demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered. A demurrer, however, does not admit the correctness of any conclusions of law contained in the pleading. *Fox v. Custis*, 236 Va. 69, 71 (1988). Additionally, a court may examine, on demurrer, not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 17 (1991). The facts alleged in the Second Amended Motion for Judgment are recited herein only to the extent needed to explain my decisions.

## I. *Facts*

The instant cause is the by-product of a long-running legal dispute between Mountain Venture Partnership, Lovettsville II ("Mountain Venture"), the developer of a planned subdivision named Avonlea, and the Town of Lovettsville (the "Town"), within whose boundaries Avonlea is mostly located. That dispute centered in large part on the question of who would pay for the additional water supply and distribution, water treatment, and sewer facilities needed to serve the Avonlea property. Previous litigation regarding that question and various other points of contention between Mountain Venture and the Town culminated in the parties entering into a Settlement Agreement dated April 29, 1993. That agreement provided that Mountain Venture and the Town would proceed with the design and construction of a 200,000-gallon-per-day sewer treatment facility at a cost not to exceed $1.2 million. (Settlement Agreement, Article III, Paragraph 3.3.)

The Town agreed to contribute $110,000.00 toward the cost of the project and entered into a contract dated June 30, 1993, with Dewberry & Davis, Inc. ("Dewberry & Davis"), the Town's consulting engineer, to perform the

---

[1] At the hearing on December 8, 1997, the parties to this cause agreed that the demurrers and special pleas referenced herein were to be decided solely on the papers filed with the Court. The Plaintiffs, given until December 19, 1997, to respond to said demurrers and special pleas, filed no response.

design, bidding, and construction phase engineering services for the new sewer treatment facility. Thereafter, Dewberry & Davis prepared designs for the new facility and took bids.

Under the terms of the Settlement Agreement, Mountain Venture agreed, *inter alia*, to pre-pay a sufficient number of connections, in an amount not to exceed $75,000.00, to fund the design of the new sewer treatment facility. (Settlement Agreement, Article III, Paragraph 3.3b.) To that end, Mountain Venture made payments totalling $64,285.74 to the Town. In early January of 1995, prior to making its final scheduled installment towards the $75,000.00 design fee, Mountain Venture learned that the proposed sewer treatment facility could not be constructed for less than $1.87 million.

The subject Settlement Agreement provided that, if the treatment facility's cost exceeded $1.2 million and the parties failed to agree to modify the terms of the Settlement Agreement accordingly, the parties would be released from their obligations, except that Mountain Venture's obligation to fund the cost for the design would continue until paid. (Settlement Agreement, Article III, Paragraph 3.5.)

Paragraph 3.5 provides in full:

> In the event the estimated project cost exceeds the amount specified in paragraph 3.3 hereinafter [i.e., $1.2 million] or in the event the Town is required to incur material expenses related to the Town's existing wastewater treatment plant that were not reasonably foreseeable on the date of execution of this Agreement, then the parties agree to modify Article III on mutually acceptable terms. Failing agreement on such a modification, all parties shall be released from performing any remaining obligations under Article III except Mountain Venture's reimbursement obligation provided for in paragraph 3.3(b) above [i.e., fund the design of the sewer plant project in an amount not exceeding $75,000.00] which shall continue until paid.

Mountain Venture now seeks recovery of the $64,285.74 it paid, asserting six causes of action in its Second Amended Motion for Judgment: Count I: Breach of Contract by Dewberry & Davis; Count II: Professional Negligence by Dewberry & Davis; Count III: Negligent Misrepresentation by Dewberry & Davis; Counts IV and V: Rescission of Settlement Agreement by Virtue of Mutual Mistake of Material Fact; and Count VI: Misrepresentation and Fraud by Dewberry & Davis. The Town demurs to Counts IV and V. Dewberry & Davis demurs to Counts I, II, III, and VI; asserts special pleas to Counts II, III,

and VI; and demurs to the Third Party Motion for Judgment brought against it by the Town.

## II. *Legal Analysis*

### A. *The Demurrer of the Town of Counts IV and V*

1. *Count IV: Rescission of Settlement Agreement by Virtue of Mutual Mistake of Material Fact (Cost of Sewer Facility)*

Mountain Venture alleges in the Second Amended Motion for Judgment that both Mountain Venture and the Town reasonably believed that the new sewer treatment facility could be designed and constructed at a cost not to exceed $1.2 million and that both parties relied upon that belief in entering into the Settlement Agreement of April 29, 1993. Such a belief, Mountain Venture contends, constitutes a mutual mistake of a material fact, in light of the fact that the facility could not, as it turned out, be constructed for less than $1.87 million. Consequently, the Settlement Agreement, according to Mountain Venture, was void or is voidable *ab initio* as a result of the mutual mistake. Mountain Venture thus asks the Court to rescind Article III of the Settlement Agreement and restore the parties to their pre-Settlement Agreement positions.

While facts have been alleged that show that Mountain Venture and the Town reasonably believed the new sewer treatment facility could (but not necessarily would) be constructed for less than $1.2 million, there are no facts alleged, or even reasonably inferred, that can support a finding that such a belief constitutes a mutual mistake of a material fact warranting rescission of Article III of the Settlement Agreement. In fact, Paragraph 3.5 of the Settlement Agreement (set forth above) patently manifests an acknowledgment by Mountain Venture and the Town that the cost of the new facility might exceed the $1.2 million estimate and specifically describes the parties' obligations should that event occur. There is no question that, under the terms of Paragraph 3.5, Mountain Venture recognized and assumed the risk of the project's cost surpassing $1.2 million. A mere allegation of a mutual mistake of a material fact is not sufficient.

Accordingly, I find that Count IV of the Second Amended Motion for Judgment fails to state a cause of action against the Town. The Town's demurrer to Count IV of the Second Amended Motion for Judgment is therefore sustained, and Count IV is dismissed with prejudice.

*2. Count V: Rescission of Settlement Agreement by Virtue of Mutual Mistake of Material Fact (Capacity of Sewer Facility)*

Mountain Venture further alleges in the Second Amended Motion for Judgment that both Mountain Venture and the Town reasonably believed that the proposed sewer treatment facility, designed to handle a rated capacity of 200,000 gallons per day, would yield 500 new connections. Such a belief, according to Mountain Venture, constitutes a mutual mistake of a material fact in that the determination of the number of connections the new facility could handle was based on representations that the existing facility was not exceeding its rated capacity of 92,000 gallons per day, when in fact the existing plant's permitted capacity was regularly exceeded. Thus, the new plant's yield would actually be less than the expected 500 connections, depending on the extent of the excess handled by the existing plant, and ignoring, of course, the possibility that the new plant might one day be called upon, like the current plant, to handle more than its rated capacity.

Consequently, the Settlement Agreement, according to Mountain Venture, was void or is voidable *ab initio* as a result of the mutual mistake. Mountain Venture thus asks the Court to rescind Article III of the Settlement Agreement and restore the parties to their pre-Settlement Agreement positions.

Despite Mountain Venture's stated conclusions to the contrary, there are no facts alleged, or even reasonably inferred, that can support a finding that the parties' belief that the proposed plant would yield 500 connections constitutes a mutual mistake of a material fact warranting rescission of Article III of the Settlement Agreement. The only reference in the Settlement Agreement to the number of connections the new plant might yield is in paragraph 3.3c, as follows:

The following formula will determine the purchase price of each prepaid sewer connection:
*total project cost – town's contribution estimated*
number of additional connections via plant expansion
*Example*:
*$1,200,000 - $110,000* = $2,180 per connection
500 connections

(Emphasis added.) I construe the word "estimated," as used here, to mean that the parties to the Settlement Agreement contemplated and allowed for the

possibility that the new plant might not yield exactly 500 connections. A mere allegation of a mutual mistake of a material fact is not sufficient.

Accordingly, I find that Count V of the Second Amended Motion for Judgment fails to state a cause of action against the Town. The Town's Demurrer to Count V of the Second Amended Motion for Judgment is therefore sustained, and Count V is dismissed with prejudice.

**B.** *The Demurrer of Dewberry & Davis to Counts I, II, III, and VI; and the Special Pleas of Dewberry & Davis to Counts II, III, and VI*

1. *Count I: Breach of Contract by Dewberry & Davis*

Mountain Venture avers that the actions and omissions of Dewberry & Davis, in designing a wastewater treatment facility that could not be constructed for less than $1.87 million, or $0.67 million more than the $1.2 million cost of construction identified in the Settlement Agreement, constitute a breach of Dewberry & Davis' Professional Services Contract with the Town. As a third-party beneficiary of that contract, Mountain Venture asserts that it has suffered damages because of said breach and seeks judgment against Dewberry & Davis for $64,285.74.

Specifically, Mountain Venture alleges that, "[p]ursuant to the standard terms and conditions of Dewberry's Professional Services Contract, number 3 in particular, Dewberry was bound by the oral representations that the cost of the proposed 200,000 gallon per day facility would 'not to [sic] exceed One Million Two Hundred Thousand Dollars ($1,200,000)'." Paragraph 3 of the Standard Terms and Conditions attachment to said Professional Services Contract provides as follows:

> 3. *Client's Oral Decisions.* Client [i.e., the Town], or any of Client's directors, officers, partners, employees, or agents having apparent authority from client, may orally: (a) make decisions relating to D&D [i.e., Dewberry & Davis] Services or the Agreement [i.e., the Professional Services Contract between Dewberry & Davis and the Town]; (b) request a change in the scope of D&D Services under the Agreement; or (c) request the performance by D&D of additional services under the Agreement. Client may from time to time and at any time limit the authority of any or all persons to act orally on Client's behalf under this Paragraph 3, by giving seven (7) days' advance written notice to D&D.

Here again, Mountain Venture asserts conclusions of law that are not consistent with the concomitant facts alleged. Try as I might, I find no facts averred, expressly or otherwise, in the Second Amended Motion for Judgment that support a finding that Dewberry & Davis breached its Professional Services Contract of June 30, 1993, with the Town. That contract, which was entered into approximately two months after Mountain Venture and the Town entered into the April 29, 1993, Settlement Agreement, contains no provisions at all regarding the cost of the proposed facility, much less a guarantee by Dewberry & Davis that the cost would not exceed $1.2 million. Rather, it provides that Dewberry & Davis, upon completion of the contract plan and specifications for the proposed wastewater treatment facility, and approval thereof by the appropriate regulatory agencies, would assist the Town in securing bids for construction of the facility, evaluate the bids, investigate the low bidder, and recommend to whom the construction contract should be awarded. Clearly then, under the terms of the Professional Services Contract between Dewberry & Davis and the Town, the cost of the project was to be based upon market conditions, and not upon the $1.2 million estimate identified in the previously executed Settlement Agreement.

It is worth noting here that Mountain Venture has again alleged in the Second Amended Motion for Judgment, despite my prior determination and ruling to the contrary, that "[a]t all times relevant herein, Dewberry & Davis served as an authorized agent for the Town of Lovettsville, within the scope of their authority in order to perform the duties and obligations of the Town and Town Council pursuant to the terms and conditions of the Settlement Agreement." There are, however, no additional allegations that support or justify such a purely conclusory averment. Accordingly, I stand by my previous ruling set forth in my letter opinion of October 14, 1997:

1. There are no facts alleged, or even reasonably inferred, that can support a finding that Dewberry & Davis ... acted as the agent of the Town and/or the Town Council. There is nothing in the Settlement Agreement to support an agency relationship. A "consulting engineer" is not an agent. A mere allegation of agency or agency authority is not sufficient.

Furthermore, I find nothing in Paragraph 3 of the Standard Terms and Conditions of Dewberry's Professional Services Contract, or elsewhere, that even suggests that Dewberry & Davis was contractually bound by its alleged

oral representations that the cost of the proposed facility would not exceed $1.2 million.[3] To the contrary, Paragraph 7 of the Standard Terms and Conditions provides that Dewberry & Davis "assumes no responsibility for any project or construction cost estimates or opinions given to [the Town] as [Dewberry & Davis] has no control over the cost of labor, materials, equipment, or services furnished by others, or over competitive bidding or market conditions."

I am of the opinion, therefore, that Mountain Venture has failed to allege facts that support a finding that Dewberry & Davis has breached its Professional Services Contract with the Town. Accordingly, I find that Count I of the Second Amended Motion for Judgment fails to state a cause of action against Dewberry & Davis. The Demurrer of Dewberry & Davis to Count I of the Second Amended Motion for Judgment is therefore sustained, and Count I is dismissed with prejudice.

### 2. Count II: Professional Negligence by Dewberry & Davis

Count II of the Second Amended Motion for Judgment purports to state a claim for economic loss based on the professional negligence of Dewberry & Davis. Mountain Venture alleges that Dewberry and Davis "owed a duty to the Town and [Mountain Venture] to properly estimate the cost of the subject water treatment facility such that it could be built at a cost not to exceed [$1.2 million]," which I interpret, by inference, to mean that Dewberry & Davis owed a duty of care to Mountain Venture to properly estimate the cost of the proposed facility, period. Read literally, the allegation appears to strain the bounds of reason. The Plaintiff further alleges that Dewberry & Davis "breached said duty by negligently failing to properly research, investigate, and otherwise determine that the subject water treatment plant could not be constructed for less than [$1.87 million]."

---

[3] In fact, Mountain Venture's reliance here on Paragraph 3 of the Standard Terms and Conditions baffles me. So much so that I feel compelled to admit that I fail to see any connection at all between the provisions of Paragraph 3 and the aforementioned legal obligation on Dewberry & Davis that Mount Venture ascribes to it. As I read it, Paragraph 3 simply allows the Town, subsequent to execution of the Professional Services Contract, to orally make decisions necessary to effect the provisions of that contract and to orally request that Dewberry & Davis perform different or additional services not specifically described therein. It has no bearing whatsoever on whether Dewberry & Davis was legally bound by representations, oral or otherwise, regarding the cost of the proposed facility that were allegedly made and relied on well before the Professional Services Contract was executed.

*a. Demurrer*

Dewberry & Davis demurs to Count II on the ground that there are no facts alleged, or reasonably inferred, that can support a finding that Dewberry & Davis owed an actionable duty to Mountain Venture to properly estimate the construction cost of the subject water treatment plant. I agree.

It is well settled in Virginia that damages for purely economic loss cannot be recovered in a tort action for professional negligence in the absence of privity of contract. *See Ward v. Ernst & Young*, 246 Va. 317 (1993); *Sensenbrenner v. Rust, Orling, and Neale*, 236 Va. 419 (1988). Here, the relief being sought by Mountain Venture is for economic injury. Mountain Venture, however, has not asserted, nor do the stated factual allegations support a finding, that Mountain Venture was in privity with Dewberry & Davis when Mountain Venture, relying on Dewberry & Davis' alleged representation that the proposed sewer treatment plant could be constructed for $1.2 million, executed the Settlement Agreement. Dewberry & Davis was not a party to the Settlement Agreement; nor had Mountain Venture otherwise engaged Dewberry & Davis' services. There was no privity of contract between them. Furthermore, Count II does not aver that there was a contract in existence at that time under which Mountain Venture could claim privity as a third-party beneficiary. Thus, Dewberry & Davis assumed no duty to Mountain Venture by contract. Nor are facts alleged that show the existence of any such duty imposed by law. It is not enough to simply aver, as a legal conclusion, that Dewberry & Davis had a duty to Mountain Venture to properly estimate the cost of the subject facility, without also averring underlying factual allegations to support that legal conclusion.

Absent duty there can be no cause of action. I find, therefore, that Count II of the Second Amended Motion for Judgment does not state a cause of action in that it fails to properly allege the existence of a relationship, contractual or otherwise, between Mountain Venture and Dewberry & Davis that gave rise to an actionable duty of care. The Demurrer of Dewberry & Davis to Count II of the Second Amended Motion for Judgment is accordingly sustained, and Count II is dismissed with prejudice.

*b. Special Plea of the Statute of Limitations*

Dewberry & Davis argues that even if Mountain Venture had properly pleaded a cause of action for professional negligence, Count II would still fail

in that it is barred by the three-year statute of limitations for unwritten contracts pursuant to Code of Virginia §8.01-246(4). Again, I agree.[4]

Having failed to identify an express contract upon which the privity necessary to establish the duty ascribed to Dewberry & Davis can be based, Mountain Venture might suggest that an implied contract existed between the parties by tacit understanding. Such a contract, Mountain Venture might suggest, is to be inferred as a matter of reason and justice based on the conduct of the parties and the circumstances surrounding the execution of the Settlement Agreement.

That being said, however, I find no allegations in the Second Amended Motion for Judgment, inferred or otherwise, that can support such a finding. Assuming *arguendo*, however, that such an implied contract had been or, if allowed to amend, could be properly alleged, the three-year statute of limitation for unwritten contracts pursuant to Code of Virginia § 8.01-246(4) would apply. *See, e.g., MacLellan v. Throckmorton*, 235 Va. 341 (1988). Contract statutes of limitations apply in actions such as this, even though the cause of action is framed in tort, because it is the contract that creates the duty of care. *Oleyar v. Kerr*, 217 Va. 88 (1976).

Mountain Venture, relying on Dewberry & Davis's allegedly negligent estimate of the cost of the new sewer treatment facility, entered into the Settlement Agreement on May 6, 1993. Under the terms of that agreement, Mountain Venture became obligated to pay for the design of the proposed sewer facility, regardless of its ultimate cost of construction. Therefore, any cause of action for negligence based on the privity arising from an implied contract between Dewberry & Davis and Mountain Venture would have accrued at that time. *See, e.g., Virginia Military Institute v. King*, 217 Va. 751 (1977). Mountain Venture filed its Second Amended Motion for Judgment, adding Dewberry & Davis as a new party defendant, on November 18, 1997. Thus, more than three years elapsed before Mountain Venture brought its claim of professional negligence against Dewberry & Davis. That claim is therefore barred by the applicable three-year statute of limitations. Hence, Dewberry & Davis' Special Plea as to Count II of the Second Amended Motion for Judgment is sustained, and Count II is dismissed.

---

[4] Although I need not consider this issue, having sustained the Demurrer of Dewberry & Davis to Count II of the Second Amended Motion for Judgment, I do so in support of my decision not to allow Plaintiffs to amend the Second Amended Motion for Judgment.

### 3. *Count III: Negligent Misrepresentation by Dewberry & Davis*

Again proceeding under a theory of negligence, Mountain Venture alleges in Count III that it was damaged as a result of the negligent misrepresentations of Dewberry & Davis regarding the proposed cost of the new water treatment facility in that Dewberry & Davis knew, or should have known that the subject facility could not be constructed for $1.2 million. Dewberry & Davis demurs to Count III and asserts that, like Count II, Count III is barred by the three-year statute of limitations for unwritten contracts.

### a. *Demurrer*

Without addressing the question of whether Virginia even recognizes a tort of negligent misrepresentation, I am of the opinion that the instant claim is plainly inadequate. Not only does it fail to allege, expressly or by inference, the contractual privity between Dewberry & Davis and Mountain Venture that is necessary to establish a duty of care (see the Count II lack-of-privity analysis above), it also fails, as pleaded, to allege facts that can support a finding that Mountain Venture took action in reliance on Dewberry & Davis' allegedly false representations or that Mountain Venture's alleged damages were proximately caused by Dewberry & Davis' negligence.

Even in the best light, the allegations in Count III appear muddled and vague. They attempt, without success in my view, to draw some unspecified triangular causal link between Dewberry & Davis' alleged knowledge that the proposed treatment plant could not be built for the $1.2 million designated in the Settlement Agreement, Dewberry & Davis' entering into and performing under the June 30, 1993, Professional Services Contract, and Dewberry & Davis' alleged negligent misrepresentations made prior to the execution of the Settlement agreement.

Count III avers:

33. At the time that the Town retained the services of Dewberry, Dewberry was informed of the requirements of the proposed water treatment facility, and the "not to exceed" cost of [$1.2 million] as set forth in the Settlement Agreement.

34. Dewberry knew and/or should have known that the subject water treatment facility could not be constructed for less than [$1.2 million] but would, in fact, require a more substantial cost.

35. Dewberry also was aware of the Settlement Agreement between the Town and [Mountain Venture], a material part of which was the requirement that the subject water treatment facility be constructed at a cost less than [$1.2 million].

36. The representations of Dewberry regarding the proposed cost of the subject water treatment facility were false, and Dewberry knew or should have known they were false.

37. As a proximate result of the negligent misrepresentations of Dewberry, [Mountain Venture] has been damaged to the extent of [$64,285.74] and other substantial consequential damages.

Other than in overly general conclusory assertions, however, they do not aver the requisite elements of a cause of action for negligent misrepresentation.

It is well settled in Virginia that when a motion for judgment contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof to withstand a demurrer and that when a motion for judgment "is drafted so that the defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). I am of the opinion here, though, that the allegations are insufficient to inform the Defendant of the nature and character of the Plaintiffs' claim. Accordingly, the Demurrer of Dewberry & Davis to Count III of the Second Amended Motion for Judgment is sustained, and Count II is dismissed with prejudice.

b. *Special Plea of the Statute of Limitations*

For the reasons previously stated in my analysis of Dewberry & Davis' Special Plea to Count II, I find that Count III of the Second Amended Motion for Judgment is also barred by the three-year statute of limitations for unwritten contracts pursuant to Code of Virginia § 8.01-246(4). The Special Plea to Count III is therefore sustained, and Count III is dismissed.

4. *Count VI: Misrepresentation and Fraud by Dewberry & Davis*

Mountain Venture avers in Count VI of the Second Amended Motion for Judgment that the actions of Dewberry & Davis in failing to inform Mountain Venture that the new sewer treatment facility could not be constructed for $1.2 million dollars, despite knowing "at the beginning of design" that the

proposed facility could not be built for that amount, constitute fraud. Dewberry & Davis asserts that Count VI fails to state a claim for fraud, in that no duty on the part of Dewberry & Davis to disclose such information is properly alleged and that Count VI is barred by the statute of limitations.

a. *Demurrer*

To recover on a cause of action in Virginia for fraud, a party must plead and prove the following elements:

(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him.

*Van Deusen v. Snead*, 247 Va. 324, 327 (1994). In some cases, the element of false representation can be satisfied by the nondisclosure of a material fact. *See, e.g., id.* at 328.

In the instant case, Mountain Venture avers that Dewberry & Davis willfully failed to disclose to Mountain Venture the material fact that the cost of building the proposed wastewater treatment facility would exceed the amount set forth in the Settlement Agreement. Such silence on the part of Dewberry & Davis constitutes, according to Mountain Venture, a positive misrepresentation by Dewberry & Davis. Assuming, without deciding, that that is a correct assertion, the question to be decided, then, is whether Dewberry & Davis had a duty or legal obligation to make any such disclosures to Mountain Venture under the circumstances of this case as they are set forth in the Second Amended Motion for Judgment.

An examination of relevant Virginia cases reveals that a duty to disclose a material fact arises where the relationship between the parties is such that a legal obligation or fiduciary duty exists. *See, e.g., Van Deusen*, 247 Va. 324 (where seller and agents concealed defects in house from buyer); *Spence v. Griffin*, 236 Va. 21 (1988) (where donees and their agent failed to disclose true contents and effect of deed of gift before donor signed it); *Allen Realty v. Holbert*, 227 Va. 441 (1984) (where plaintiff's accountant failed to disclose offers for the purchase of plaintiff's assets); *Kitchen v. Throckmorton*, 223 Va. 164 (1982) (where administratrix failed to disclose financial transactions to beneficiaries); *Clay v. Butler*, 132 Va. 464 (1922) (where agent failed to disclose to judge the existence of an illegal contract detrimental to infant

parties). Clearly, then, where there is a duty to disclose, nondisclosure of a material fact would be the equivalent of a false representation.

Here, however, there are no facts alleged that can support a finding that a special relationship existed between Dewberry & Davis and Mountain Venture such that Dewberry & Davis had a duty to keep Mountain Venture informed as to the cost of the new water treatment facility. Plainly, there was no fiduciary relationship between the parties. Nor, as previously explained, was there a contractual relationship between them that would give rise to such an obligation, despite Mountain Venture's reassertion in Count VI that Dewberry & Davis assumed, as the Town's authorized agent, the duties held by the Town under the Settlement Agreement.[5]

Moreover, the terms of Paragraph 3.5 of the Settlement Agreement make it abundantly clear that even had Dewberry & Davis disclosed "at the beginning of design" that the cost of constructing the new plant had exceeded $1.2 million, Mountain Venture was still required to pay in full, up to $75,000.00, for the design of the project. Mountain Venture's reliance on the silence of Dewberry & Davis is therefore irrelevant, as is Mountain Venture's claim that Dewberry & Davis' silence caused the alleged damage. Mountain Venture was obligated to pay the cost of design regardless.

I conclude, therefore, that Count VI of the Second Amended Motion for Judgment fails to state a cause of action. Accordingly, Dewberry & Davis' Demurrer to Count VI is sustained, and Count VI is dismissed with prejudice.

### b. *Special Plea of the Statute of Limitations*

I agree with Dewberry & Davis' contention that even if Mountain Venture had properly pleaded a cause of action for fraud, Count VI would still fail in that it is barred by the two-year statute of limitations for fraud pursuant to Code of Virginia § 8.01-243(A).

An action for fraud accrues when the fraud is discovered or when by exercise of due diligence it ought to have been discovered. *Gilmore v. Basic Indus.*, 233 Va. 485 (1987) (citing Code of Virginia § 8.01-249(1)). In the instant case, it is alleged in the Second Amended Motion for Judgment that Mountain Venture knew in January of 1995 that the cost of construction of the proposed facility would exceed the $1.2 million amount set forth in the Settlement Agreement. Thus, any claim by Mountain Venture for fraud against Dewberry & Davis would have had to have been filed by January of 1997. The Second Amended Motion for Judgment, however, was not filed

---

[5] As to Mountain Venture's assertion of agency, see above.

until November 18, 1997. Consequently, Mountain Venture's cause of action for fraud is barred by the applicable two-year statute of limitations. Dewberry & Davis' Special Plea as to Count VI of the Second Amended Motion for Judgment is accordingly sustained, and Count VI is dismissed.

### C. *The Demurrer of Dewberry & Davis to the Third Party Motion for Judgment of the Town*

The Town, in filing its Third Party Motion for Judgment against Dewberry & Davis, sought "indemnification and/or contribution for all and/or any part of any judgment rendered against the Town in favor of the plaintiffs herein."

Counts IV and V of the Second Amended Motion for Judgment contain the only claims asserted by the Plaintiffs against the Town. Having found, in sustaining the Town's Demurrer to Counts IV and V that there are no factual allegations in the Second Amended Motion for Judgment upon which the Town can be held liable to the Plaintiffs, I am now led to conclude that the Town's Third-Party Motion for Judgment states no cause of action against Dewberry & Davis. Dewberry & Davis' Demurrer is therefore sustained, and the Third-Party Motion for Judgment is dismissed with prejudice.