## CIRCUIT COURT OF ARLINGTON COUNTY

Arthur R. Friedman et al.

v.

Family Financial Services, Inc.

September 17, 1984

Case No. (Law) 24766

By JUDGE THOMAS R. MONROE

Under advisement is the Defendant's Demurrer to Plaintiffs' Motion for Judgment. I have carefully considered the memoranda submitted as well as the able arguments of counsel.

In their Motion for Judgment filed on December 21, 1983, Plaintiffs allege they applied for a loan from Defendant in May, 1983. Defendant gave a firm loan commitment with terms of 90 percent financing, 12 7/8 percent interest and 2 points. A six-month series of delays ensued during which Defendant offered terms inferior to those originally quoted and eventually disapproved Plaintiffs' application for a loan. Plaintiffs maintain that during this six-month period the Defendant gave Plaintiffs repeated assurances that the loan was acceptable. Based on these assurances the Plaintiffs paid non-refundable processing fees in addition to those originally charged by Defendant. Defendant alleges that these fees are paid by every applicant, regardless of the disposition of the loan.

Plaintiffs' Motion for Judgment has two counts. The first, based on the aforementioned facts, prays for $26,500.00 in damages, and the second count prays for punitive damages based on Defendant's intentional and malicious denial of Plaintiffs' loan application. Defendant demurs to Plaintiffs' Motion for Judgment on the

ground that it does not state a cause of action sounding in either tort, contract, or both.

Rule 1:4(d) of the Rules of the Supreme Court of Virginia states:

> Every pleading shall state the facts on which the party relies . . . and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.

This clarity is essential to claims both in tort, *Virginia and North Carolina Wheel Co.* v. *Harris*, 103 Va. 708 (1905), and contract, *Mutual* v. *Oliver*, 95 Va. 445 (1897).

In tort actions the Plaintiff must allege a duty owed and the breach of said duty by Defendant. *Hortenstein* v. *Virginia-Carolina Railway*, 102 Va. 914 (1904). In contract actions the Plaintiff must allege "a distinct promise, a valuable consideration for the promise, and a breach of the promise." *Payne* v. *Grant*, 81 Va. 164 (1885). Failure to allege consideration renders the action demurrable, *Braning Manufacturing Co.* v. *Norfolk Southern Railroad Co.*, 138 Va. 43 (1924).

Plaintiffs' claim is not clear within the meaning of Rule 1:4(d). The Motion for Judgment contains no explicit allegations of a duty, breach of duty, a contract, consideration or breach of promise sufficient to satisfy the aforementioned Rule.

In Count II Plaintiff seeks punitive damages for Defendant's intentional and malicious denial of Plaintiffs' loan application. This Court is unaware of any such recognized cause of action nor has Plaintiff established the elements for such a cause. *Kamlar Corp.* v. *Haley*, 224 Va. 699 (1983).

Because the Defendant should not be placed in a position to guess the Plaintiffs' theory of recovery and in light of the aforementioned Rule and case law the Defendant's Demurrer is sustained. Plaintiff has twenty-one days from the entry of the order to amend their Motion for Judgment.