## CIRCUIT COURT OF FAIRFAX COUNTY

Thonen

v.

Lacy et al.

August 30, 1990

Case No. (Law) 97366

By JUDGE MICHAEL P. McWEENY

This matter came before the Court upon defendants' Demurrer to the Motion for Judgment. After hearing oral argument on the matter, the Court took the case under advisement. For the reasons set forth below, the Demurrer is sustained.

The Demurrer is generally sustained as to the entire Motion for Judgment. The Court finds the pleading demurrable on its face because all facts and all conclusions of law are realleged in each separate count without regard to whether they have any application to the individual count.

The Demurrer is sustained individually on the separate counts as follows:

## Count I. Breach of Contract

The Demurrer is individually sustained on Count I as to damages only. Plaintiff does set forth a cause of action for breach of contract in paragraphs 15, 16, 29, and 30 of the pleading, alleging, and providing factual support for a distinct promise, a valuable consideration, and a breach of that promise. *See Friedman v. Family Financial Services*, 4 Va. Cir. 211, 212 (1984).

Plaintiff fails to allege that the breach of the contract has resulted in the substantial damages asked for in the general prayer for relief. To recover more than nominal damages, the plaintiff must prove that the damages are confined to those injuries caused by the defendants' alleged wrongful act. *See* 22 Am. Jur. 2d *Damages*, sect. 822; 5C M.J., *Damages*, § 75. Plaintiff also fails to provide a factual basis for the award of punitive damages. To recover punitive damages in a breach of contract action, the pleading must set forth a "willful and independent tort." *Kamler Corp. v. Haley*, 224 Va. 699, 706 (1983).

## Count II. Fraud

The Demurrer is individually sustained on Count II for failure to plead the fraud with specificity and as to damages. Plaintiff has alleged the legal elements of actual fraud and provided some factual support for these allegations in paragraphs 23 to 25, 33 to 36: a false representation of a material fact, made intentionally and knowingly with intent to mislead, relied upon by and resulting in damage to the misled party. *See Winn v. Aleda Construction Co., Inc.*, 227 Va. 304, 308 (1984). However, allegations of fraud in the abstract do not give rise to nor support a cause of action. Specificity is required, including the identities of the people who perpetrated the fraud and details of the time and place where the fraudulent acts occurred. *See Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858 (1978). Plaintiff fails to allege with specificity the details concerning the fraudulent acts alleged in paragraph 34 of the Count. The plaintiff also fails to allege any facts supporting his claim for damage. *See Lloyd v. Smith*, 150 Va. 132,

148 (1928). Furthermore, there are no allegations of malice in the count to support the demand for punitive damages.

*Count III. Tortious Interference with Contractual Relations*

The Demurrer is individually sustained on Count III for failure to state facts which support a cause of action for tortious interference with contractual relations. Plaintiff alleges in this Count the legal elements of the claim by way of conclusory statements, including the existence of a valid contractual relationship, knowledge of this relationship on the part of the interferer, intentional interference inducing or causing a breach, and resultant damage. *See Duggin v. Adams*, 234 Va. 221, 226 (1987). However, plaintiff fails to provide sufficient factual support for these conclusions. Although paragraphs 15, 16, and 24 in the pleading do support the claim of the existence of an agreement and the knowledge of defendant Jerry Carbone, there are no factual allegations of the knowledge of the other defendants or of any resulting damage. This Count would be sufficient as to the prayer for punitive damages since malice is alleged in paragraph 39; however, a claim for punitive damages will not survive where there is no claim for compensatory damages.

*Count IV. Unjust Enrichment*

The demurrer is individually sustained on Count IV only as to the claim for damages. Plaintiff alleges in this Count that he prepared an offering package that unjustly enriched the defendants. A pleading for unjust enrichment must state that the defendant received benefits he should not justly retain, enriching the defendant at the plaintiff's expense or loss. *See In re Wilson*, 90 B.R. 208, 211-12 (Bkrtcy E.D. Va. 1988). Plaintiff has stated sufficient facts to support this cause of action. Again, however, the damage allegation is not factually supported, and there is no allegation of malice to support a claim for punitive damages.

For the reasons stated above, the demurrer is sustained. Plaintiff has twenty-one days in which to file an Amended Motion for Judgment.