Present:  All the Justices

JILL M. BROWN, a/k/a JILL HARMS

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.   Record No. 951260                    March 1, 1996

THOMAS EUGENE HARMS

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Thomas S. Kenny, Judge

In this appeal, we decide whether the plaintiff's alleged cause of action for breach of contract is barred by the applicable statute of limitations.

Jill M. Brown, formerly Jill Harms, filed this action against her former husband, Thomas Eugene Harms.  The plaintiff alleged the following facts in her motion for judgment.

The plaintiff and defendant, residents of Fairfax County, were married in England in 1967 and obtained a divorce from a German court in 1984.  The German court's divorce decree contained the following provisions:

Pension Equalization:

The parties have agreed that a pension equalization shall proceed between the parties by way of the law of obligations (contracts).  A regulation under U.S. law that possibly put the wife into a better position is specifically reserved to the wife.  This agreement is appropriate and reserves to the parties their rights for pension equalization, it therefore was agreed to by the Family Court.

. . . .

4.  A claim for support of the wife who is gainfully employed does not exist at this time.  The assertion of support rights in case of the wife's need remains reserved.

5.  The parties are agreed that there is to be a pension equalization between them by way of the law of obligations (contract).

Possible further rights of the wife under U.S. law remain reserved.

The plaintiff had filed a divorce proceeding in Illinois before she obtained her divorce from the German court. The defendant requested and apparently obtained a continuance in the Illinois proceeding because at that time, he was a lieutenant colonel in the United States Air Force and was assigned to a military installation in Germany. In 1987, the Illinois court dismissed that proceeding for lack of prosecution.

In 1990, the plaintiff filed an action in the circuit court of Champaign County, Illinois, seeking a portion of the defendant's military retirement benefits. The Illinois court dismissed the plaintiff's action because that court lacked subject matter jurisdiction and entered a judgment in favor of the defendant. This judgment was affirmed by the Appellate Court of Illinois. In Re: the Marriage of Jill Brown, 587 N.E.2d 648 (Ill. App. Ct. 1992).

The plaintiff alleged in her motion for judgment filed in the Fairfax County Circuit Court that the defendant "agreed and contracted both in private dialogue with [her] and before the [German court], such agreement and contract being memorialized and incorporated into said German Court's judgment, to either pay [her] a portion of his military retirement benefits or to submit himself to a U.S. Court for a determination of the Plaintiff's share of his benefits." The plaintiff further alleged that the defendant began receiving his military retirement benefits on October 1, 1992, and that he has "refused to abide by his contract and agreement to pay [her] a portion of his military retirement benefits, nor has he consented to the determination of [her] share of his benefits by a U.S. Court."

The defendant filed a special plea in bar asserting, _inter alia_, that the plaintiff's action is barred by the applicable statute of limitations and that the German decree constitutes "nothing more than an acknowledgement of [an] alleged verbal agreement to negotiate or litigate later."

The trial court held that the German court's decree does not constitute a written contract and, therefore, the five-year statute of limitations contained in Code § 8.01-246(2) that governs actions for breach of written contracts is not implicated here. The trial court also held, among other things, that the defendant had breached an oral contract by failing to submit to the jurisdiction of the Illinois court in 1990 and, therefore, the plaintiff's action is barred by the applicable statute of limitations. We awarded the plaintiff an appeal.

Since this case was decided without an evidentiary hearing, we, like the trial court, rely solely upon the pleadings and exhibits in resolving the issues before us. _Weichert Co. of Va. v. First Commercial Bank_, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993).

The plaintiff asserts that the trial court erred by holding she failed to plead a cause of action for breach of a written contract. The plaintiff argues that the German court was purportedly acting as an agent for her and the defendant when that court entered its decree and that the decree constitutes a written contract between the plaintiff and defendant which is subject to the five-year statute of limitations contained in Code § 8.01-246(2). We disagree with the plaintiff.

Code § 8.01-246 states in part:
[A]ctions on a judgment or decree, shall be brought

> within the following number of years next after the cause of action shall have accrued:
>
> . . . .
>
> 2. In actions on any contract which is not otherwise specified and which is in writing and <u>signed by the party to be charged</u> thereby, or by his agent, within five years whether such writing be under seal or not.

(Emphasis added). Code § 8.01-246(2) has no application here. The plaintiff admits that the German court's decree is signed neither by her nor by the defendant. And, there are no factual allegations in the pleadings or exhibits which would permit this Court to conclude that the German court's decree somehow constitutes a written contract between the plaintiff and defendant. Furthermore, there is no factual or legal basis in this record which would permit this Court to conclude that the German court acted as an agent for litigants who appeared before that court for the dissolution of their marriage. Therefore, we hold that the trial court did not err by holding that the German court's decree does not constitute a written contract.

Next, the plaintiff argues that the trial court erred by sustaining the plea in bar against her claim for breach of an alleged oral contract. The plaintiff asserts that her cause of action for breach of an alleged oral contract did not accrue until the defendant breached the purported contract by failing to permit her to acquire a portion of his retirement benefits when he began to receive those benefits in September 1992. The plaintiff further asserts that the defendant had taken no action in breach of the contract before that date. Thus, she contends that her action is not barred by the three-year statute of limitations for actions on oral contracts because her motion for

judgment was filed in October 1994.

In response, the defendant contends that his alleged breach of the purported contract occurred when he failed to submit to the jurisdiction of the Illinois court. We disagree with the defendant.

We assume, but expressly do not decide, that the plaintiff pled a cause of action for breach of an oral contract. In Virginia, an action to enforce an unwritten contract, express or implied, is barred by the statute of limitations if such action is not brought within three years after the cause of action accrues. Code § 8.01-246(4); Westminster Investing Corp. v. Lamps Unlimited, 237 Va. 543, 546, 379 S.E.2d 316, 317 (1989). And, as we have said, the essential elements of a cause of action for breach of contract are: "(1) 'a legal obligation of a defendant to the plaintiff,' (2) 'a violation or breach of that right or duty,' and (3) 'a consequential injury or damage to the plaintiff.'" Id. at 546, 379 S.E.2d at 317 (quoting Caudill v. Wise Rambler, Inc., 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969)).

Here, the defendant, who has the burden of proving that he is entitled to the bar of the statute of limitations, Lo v. Burke, 249 Va. 311, 316, 455 S.E.2d 9, 12 (1995), failed to establish that he breached the purported contract more than three years before the date plaintiff brought this action. It is true, as defendant asserts, that he failed to submit to the jurisdiction of the Illinois court for an adjudication of the plaintiff's rights, if any, to a portion of his federal pension. The defendant's act, however, did not constitute a breach of

contract because the Illinois court lacked subject matter jurisdiction to make a binding adjudication of the plaintiff's purported right to a portion of the defendant's pension once the German court entered its decree of divorce.

The Appellate Court of Illinois stated in In Re: the Marriage of Jill Brown, supra:

> Regardless of the apparent harshness of our decision, we conclude that subject-matter jurisdiction did not exist in the present circuit court proceedings. As we have stated, marriage dissolution jurisdiction is statutory. . . . Commencement of an action under the Dissolution Act requires the filing of a petition for dissolution of marriage or for a legal separation. . . . Inherent within this provision is the existence of a marriage.
>
> . . . .
>
> As no marriage now exists between the parties, any petition under section 403 of the Dissolution Act (Ill.Rev.Stat.1989, ch. 40, par. 403) would necessarily contain a false allegation. Thus, we can find no statutory authority under the Dissolution Act which will allow petitioner to come within its coverage. Not being able to come within the Act deprives the trial court of the jurisdiction of subject matter normally provided by a filing under the Act.

587 N.E.2d at 653-54.[*] The Illinois court also observed that "[o]rders entered by a court lacking subject-matter jurisdiction are void, and subject-matter jurisdiction cannot be conferred by consent of the parties." Id. at 652.

Accordingly, we will affirm that portion of the trial court's judgment holding that the German court's decree does not constitute a written contract. We will reverse that portion of

---

[*]We find no merit in the defendant's contention that the plaintiff's act of filing this Illinois proceeding constituted an election to seek damages for an anticipatory breach of contract. We find nothing in the record, which consists of the pleadings and exhibits, to support the defendant's contention. See Mutual Reserve Fund Life Ass'n v. Taylor, 99 Va. 208, 213-14, 37 S.E. 854, 856 (1901).

the trial court's judgment which holds that the plaintiff's purported cause of action for breach of an oral contract is barred by the statute of limitations.  We will remand this case for further proceedings consistent with this opinion.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.