# CIRCUIT COURT OF THE CITY OF NORFOLK

BWT Management, Inc.

v.

Russ Gayle

January 29, 1998

Case No. (Law) L96-4602

BY JUDGE EVERETT A. MARTIN, JR.

It was well established by the rules of common law pleading that a declaration was demurrable if it failed to allege consideration for the contract. *Taliaferro v. Robb*, 6 Va. (2 Call) 258 (1800); *Branning Mfg. Co. v. Norfolk-Southern Ry. Co.*, 138 Va. 43, 59, 121 S.E. 74, 79 (1924). The motion for judgment does not recite any consideration to the defendant, nor is any stated in the agreement upon which this action is brought.

The motion for judgment "is the modern equivalent of the traditional common law declaration." Bryson, *Virginia Civil Procedure* (3rd ed.), p. 214. Notwithstanding the relaxed rules of modern pleading, a motion for judgment based on breach of contract must still allege the consideration for the promise. *Bryson, supra*, at pp. 216-17. Absent consideration, there is no enforceable contract and, thus, no cause of action.

*Stephens v. White*, 2 Va. (2 Wash.) 203 (1796), a legal malpractice action, is distinguishable. Judge Roane held that the plaintiff's allegation that he hired an attorney "is tantamount to stating that the plaintiff was then and there bound to pay him." 2 Va. at 210. He added that an attorney who neglects his duty to his client is not to be permitted to allege lack of consideration. Consideration, of course, is not an element of a cause of action for negligence.

I sustain the demurrer. Ms. Devine shall prepare the order allowing the plaintiff twenty days from entry to file an amended motion for judgment.