# CIRCUIT COURT OF THE CITY OF NORFOLK

Herr & Kline, Inc.

v.

D & M Ins. Agency, Inc.,
and Milton Edgeworth

February 11, 1999

Case No. (Law) L98-2326

BY JUDGE MARC JACOBSON

Herr & Kline, Inc., has filed a Motion for Judgment against D & M Insurance Agency, Inc., and Milton Edgeworth, basically alleging causes of action against the Defendants for negligence and breach of contract. Defendants have filed a Demurrer to the Motion for Judgment, and this letter opinion addresses said Demurrer.

## *Demurrer*

"In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Va. Code Ann. § 8.01-273 (Michie 1992 Supp. 1998).

"A demurrer admits the truth of all material facts that are properly pleaded. According to this rule, the facts admitted are those expressly alleged,

those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 240, 384 S.E.2d 752, 753 (1989) (citing *Bowman v. State Bank of Keysville*, 229 Va. 534, 536, 331 S.E.2d 797, 798 (1985)).

"When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citing *Hunter v. Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918)).

### Negligence Count or Claim

In their Demurrer and supporting Memorandum, Defendants assert contributory negligence as a matter of law. Defendants allege that Plaintiff's representative(s) did not read the insurance policy (as finally determined to be the appropriate policy in effect at the time of the loss).

For the purpose of and in considering the Demurrer, the Court can properly consider only the allegations or facts set forth in the Motion for Judgment.

In considering the Demurrer, it is initially necessary for the Court to consider whether the Plaintiff has pleaded or properly pleaded an action in negligence. "To constitute actionable negligence, there must be a legal duty, a breach thereof, and a consequent injury which could have been reasonably foreseen by the exercise of reasonable care and prudence." *Jordan v. Jordan*, 220 Va. 160, 162, 257 S.E.2d 761, 762 (1979) (citations omitted). "An action for negligence only lies where there has been a failure to perform some legal duty which the defendant owes to the party injured." *Balderson v. Robertson*, 203 Va. 484, 487, 125 S.E.2d 180, 183 (1962) (citations omitted). Once duty is demonstrated, the plaintiff must show breach, causation and damages.

The United States Court of Appeals for the Fourth Circuit has stated: "It is now well established, in Virginia and elsewhere, that an insurance professional 'owes a duty to his principal to exercise reasonable skill, care and diligence in effecting insurance. Thus, he may be held liable where he has breached a contract to procure insurance for his principal'." *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1470, n. 15 (4th Cir. 1996) (citations omitted).

In their Demurrer and supporting Memorandum, Defendants assert contributory negligence as a matter of law. Defendants allege that Plaintiff's representative(s) did not read the insurance policy (as finally determined to be

the appropriate policy in effect at the time of the loss) and thus be aware that they did not have theft coverage. The Demurrer and Defendants' Memorandum raise the defense of contributory negligence (in the context of the case of *General Insurance of Roanoke v. Page*, 250 Va. 409, 464 S.E.2d 343 (1995)). Under Rule 3:16(d), "Contributory negligence shall not constitute a defense unless pleaded or shown by the plaintiff's evidence." At this point in the proceedings, the "evidence" is the Motion for Judgment and contributory negligence has not been included, *per se*, in the Motion for Judgment. Therefore, without addressing the applicability of the defense of contributory negligence, Defendants must affirmatively plead the defense and not rely upon it in the subject Demurrer.

In the case of *Fun v. Virginia Military Inst.*, 245 Va. 249, 442 S.E.2d 770 (1993), Plaintiff Fun alleged a breach of the employment contract. Fun alleged that she was not given six months notice as required. Defendant Virginia Military Institute asserted that the letter she cited was adequate notice. Fun in response said that the letter was not a notice of nonrenewal but rather a notice of dismissal. The trial court sustained Virginia Military Institute's demurrer. The Supreme Court of Virginia reversed:

> To the extent the exact nature of the letter is in doubt, for purposes of consideration of VMI's demurrer, the doubt must be resolved in favor of the construction given the letter by Fun in her pleadings, that is, that it was a letter of dismissal.
>
> Here, in order to hold that Fun received notice of nonrenewal and was not dismissed by VMI, the trial court had to reject Fun's allegations, accept VMI's view of the facts and resolve the claim on the merits. In the context of consideration of a demurrer, this was error. Accordingly, we conclude that Fun sufficiently alleged a cause of action for breach of contract.

*Id*. at 253.

Paragraph 17 of the Motion for Judgment alleges Defendants have breached their duty to Plaintiff, and paragraph 20 of the Motion for Judgment alleges that the alleged breach proximately caused the alleged damages sustained by the Plaintiff. The Court, for the purposes of the Demurrer, may not consider the Defendants' ultimate view or conclusion relating to the allegations or facts alleged in the Motion for Judgment, nor can the Court evaluate the merits of the alleged claim of the Defendants for the purposes of the Demurrer. For the purposes of the Demurrer filed in the instant action, and

so limited, Plaintiff has made out a prima facie allegation of negligence as to Count I of the Motion for Judgment, and the Demurrer filed by the Defendants as to Count I of the Motion for Judgment is overruled.

## Breach of Contract Count

Plaintiff argues that simply "instructing" Defendant Edgeworth to obtain coverage created an enforceable contract. The Plaintiff has not suggested that a written contract to such effect exists. Therefore, the alleged "contract" presumably would be an oral contract.

"Brevity is enjoined as the outstanding characteristic of good pleading. In any pleading a simple statement, in numbered paragraphs, of the essential facts is sufficient." Va. Sup. Ct. R. 1:4(j). Needless to say, the burden is on the Plaintiff to prove the alleged facts and existence of the alleged oral contract and certainly Defendants have the right to avail themselves of applicable discovery procedures relative to the alleged oral contract.

"[T]he essential elements of a cause of action for breach of contract are: (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff." *Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805, 807 (1996) (citations omitted). The only apparent reference to the facts in this case is paragraph 7 in the motion for judgment: "When Plaintiff Herr & Kline bought the policy, and [sic] instructed Defendant Edgeworth to obtain coverage for losses which Plaintiff Herr & Kline may suffer on account of theft."

In the instant case, Plaintiff has alleged that it expected Defendants to procure robbery coverage, and the Court is obliged to consider the allegations set forth in the Motion for Judgment and whether such allegations are present and sufficient in order to survive a Demurrer. The Court concludes for the purposes of the Demurrer, and so limited, sufficient allegations relative to breach of an implied oral contract have been pleaded. Therefore, the Demurrer as to Count II of the Motion for Judgment is overruled.

## Claim of Plaintiff for Attorneys' Fees

In its Motion for Judgment, Plaintiffs state: "Plaintiff ... moves the Court for Judgment against Defendants ... its costs, attorney's fees and interest from March 31, 1997." (Mot. for J. last paragraph.) In their Demurrer, the Defendants argue, "HKI's Motion for Judgment does not state a cause of action against the Agency or Edgeworth for the recovery of its attorneys' fees.

There is no statutory, contractual, or common law entitlement to the recovery of such fees from any insurance agency or agent and none has been alleged." (Dem. ¶ 3.)

It is well settled that in Virginia attorney's fees are usually not recoverable as an element of damages.

Plaintiff has not alleged sufficient facts, if any, that create an exception to the general rule that attorneys' fees are not recoverable. As a matter of law, the Court finds and concludes that, based upon the Motion for Judgment before the Court, attorneys' fees are not recoverable in this action and the Demurrer as to attorneys' fees is sustained.