## CIRCUIT COURT OF FAIRFAX COUNTY

Devansky et al.

v.

Dryvit Systems, Inc., et al.

June 23, 2000

Case No. (Law) 182511

BY JUDGE MARCUS D. WILLIAMS

The above-referenced case is before the Court on Plaintiffs' Motions for Reconsideration as to the claims for actual and constructive fraud. Dryvit's Demurrers for actual and constructive fraud were sustained without leave to amend on April 13, 2000. For the reasons articulated herein, the Motion for Reconsideration is denied.

On October 26, 1999, this Court heard Dryvit's demurrers and Special Pleas to Plaintiffs' Motion for Judgment. Pursuant to that hearing, the court sustained Dryvit's Demurrers as to Plaintiffs' claims for actual and constructive fraud and granted leave to amend. On April 13, 2000, this Court heard Dryvit's demurrers and Special Pleas to Plaintiffs' Amended Motion for Judgment ("AMFJ"). The Court sustained Dryvit's Demurrers as to Plaintiffs' claims for actual and constructive fraud without leave to amend.

Plaintiffs argue that this Court should reconsider its rulings on the actual and constructive fraud claims because in other consolidated cases, Judge Wooldridge and Judge Ney overruled the demurrers as to those plaintiffs' claims for actual and constructive fraud. However, each case must be considered on its own merit.

The Court, in its ruling of April 13, 2000, determined that the allegations for actual and constructive fraud were deficient and lacked particularity. To maintain a claim for fraud, the pleading must be distinctly stated so that the defendant has the opportunity to shape his defense accordingly. *See Mortarino*

*v. Consultant Eng'g. Serv.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996), citing *Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952); *see also, Alsop v. Catlett*, 97 Va. 364, 370, 34 S.E. 48, 50 (1899). A plaintiff asserting a cause of action for actual fraud bears the burden of proving by clear and convincing evidence the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Richmond Metro. Auth. v. McDevitt*, 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998), quoting *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); *see also, Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991). The elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made by the defendant innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation. *Blair Constr., Inc. v. Weatherford*, 253 Va. 343, 346, 485 S.E.2d 137, 138 (1997), quoting *Evaluation Research Corp.*, 247 Va. at 148, 439 S.E.2d at 390 (1994). The facts out of which the fraud arises, including the identity of the person or persons making the misrepresentations and the date and time that they were made, must be alleged as well as proven. *See Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978).

In this case, the AMFJ fails to state when Plaintiffs actually saw the advertising brochures and sales literature. It is not alleged that Plaintiffs even saw Dryvit's advertising materials upon which they allegedly relied prior to having purchased their home. No facts have been alleged to indicate knowledge or reliance *prior* to purchase. In fact, the only allegation that Plaintiffs were provided with advertising brochures and sales literature is found under Count I, Paragraph 17, where Plaintiffs allege that the "[b]uilder cooperated in disseminating manufacturer's promotional materials by providing Plaintiffs with manufacturer's advertisement brochures and sales literature." This factual allegation does not indicate that Dryvit provided those materials directly to Plaintiffs nor does it sufficiently allege a date or time that the misrepresentations were made. Therefore, the elements to sufficiently state a cause of action for actual and constructive fraud have not been alleged.

In addition to the insufficient allegations for actual and constructive fraud, the Court, in considering Plaintiffs' argument, determined that fraud could not be premised on the failure to disclose information, absent facts establishing a relationship giving rise to a duty to disclose. *See Mountain Venture Partnership Lovettsville II v. Town of Lovettsville*, 45 Va. Cir. 60, 73 (Loudoun County, 1997). Fraud by nondisclosure can be committed if the

defendant makes a "knowing and deliberate decision not to disclose a material fact" that he knows is unknown to the plaintiff. *Norris v. Mitchell*, 255 Va. 235, 241, 495 S.E.2d 809, 812 (1998). Here, there was no allegation of deliberate concealment or a relationship, contractual or otherwise, that would give rise to a duty to disclose. Thus, the claims for actual and constructive fraud are unsupported, and this Court ruled accordingly.

Under the circumstances, actual and constructive fraud were not sufficiently alleged, nor was the allegation of deliberate concealment. Therefore, this Court denies Plaintiffs' Motion for Reconsideration.