500

## CIRCUIT COURT OF CHESTERFIELD COUNTY

Candice Filak et al.

v.

Pamela George

May 24, 2002

Case No. CL02-34

BY JUDGE HERBERT C. GILL, JR.

The parties appeared before the Court, through counsel, on March 27, 2002, pursuant to defendant's demurrer to all counts of plaintiff's motion for judgment. Upon the conclusion of oral arguments, the Court took the matter under advisement for further consideration. The Court has reviewed counsel's memoranda in light of the applicable statutes and case law and now rules as follows.

The plaintiffs filed a motion for judgment alleging claims against the defendant for (1) breach of contract, (2) malpractice, (3) constructive fraud, and (4) actual fraud. The general allegations as set forth in the plaintiff's motion for judgment are as follows. In September of 1996, the plaintiffs were in the process of building a house when they were contacted by the defendant who solicited them to buy an insurance policy. The plaintiffs informed the defendant that they desired coverage that would replace their house the way it

was in the event of serious damage. The defendant stated that the house was worth $275,000 at its present state of completion and that the additional building materials, inspected on site by the defendant, were worth an additional $200,000 installed. The defendant promised the plaintiffs that while the house was under construction it would be covered for the full replacement cost of at least $481,000, for which the insurance carrier, Virginia Farm Bureau, would promptly write them a check in the event of destruction. The defendant further stated that in the event she had undervalued the house so that the $481,000 was insufficient to replace it, she would be personally liable for any excess and that she had her own insurance to cover such liability. Based upon these alleged representations, the plaintiffs purchased the insurance and paid a premium.

Within a year, the house was struck by lightning and burned to the ground. Virginia Farm Bureau refused the pay the replacement cost of the house because the policy delivered to the plaintiffs provided that the carrier would not be liable for replacement costs until the house had actually been replaced. Without first receiving the replacement costs, however, the plaintiffs, who had worked for over six years to get it to its state of construction just prior to the fire, were unable to replace the house. The plaintiffs assert they had to spend $30,000 in legal fees before ending up settling with Virginia Farm Bureau for an amount that they contend was at least $200,000 less than the replacement cost of the house. These general allegations have been elaborated upon more specifically in regard to each count. The defendant has demurred to all four counts, contending that the motion for judgment, as pleaded, fails to state a cause of action sufficient to sustain claims upon which relief can be granted.

Virginia Code § 8.01-273 provides, "the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." The purpose of a demurrer is to test the legal sufficiency of an aggressive pleading. It admits the truth of the facts pleaded while denying their legal significance. The legal error or insufficiency alleged in the demurrer must be apparent on the face of the record. W. H. Bryson, *Virginia Civil Procedure*, p. 236 (1997). In the matter before us, the record is comprised of the motion for judgment.

"In reviewing the sufficiency of a motion for judgment on demurrer, the trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400 (1993). The trial court must not evaluate and decide the merits of the claims. Rather, the Court must only look to the sufficiency of the factual

allegations to determine whether the motion for judgment states a viable cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993). Rule 1:4(d) of the Supreme Court of Virginia provides that every pleading shall state the facts on which the party relies and "shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." The pleading will be sufficient if it "informs the defendant of the nature of the demand made against him and states such facts as will enable the court to say that if the facts are proved, as alleged, they establish a good cause of action." *Stonegap Colliery Co. v. Hamilton*, 119 Va. 271, 280, 89 S.E. 305 (1916).

## Count I: Breach of Contract

Count I of the plaintiffs' motion for judgment alleges a claim for breach of contract. In addition to promising that the insurance carrier would provide prompt coverage for the full replacement cost of the house, the plaintiffs have alleged that the defendant further promised that, in the event she had undervalued the house so that the $481,000 was insufficient to replace it, she would be personally liable to the plaintiffs for any excess and that she had her own insurance to cover such liability. Motion for Judgment, paragraph 8. Based upon these representations made by the defendant to the plaintiffs, the plaintiffs agreed to purchase the insurance and paid the defendant a premium. *Id.*, paragraph 9.

The defendant argues that where an agent makes a full disclosure of the fact of his agency and the name of his principal and contracts only as the agent of the named principal, he incurs no personal responsibility. *Richmond Union Passenger Ry. v. New York and Sea Beach Ry.*, 95 Va. 386, 395, 28 S.E. 573 (1897). In this regard, the defendant is assuming facts contrary to those pleaded, namely, that the defendant contracted only as the agent of the named principal. The Virginia Supreme Court has recognized the possibility that an agent may bind himself personally. *Id.* It is also well established that an insurance professional "may be held liable where he has breached a contract to procure insurance for his principal." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1470 (4th Cir. 1996). Plaintiff's motion for judgment clearly alleges that the defendant made a promise that she, herself, would be personally liable to the plaintiffs for any excess and that she had her own insurance to cover such liability. Motion for Judgment, paragraph 8. This allegation is sufficient to inform the defendant of the nature of the demand against her on this count. The defendant further argues that the presumption is that the agent intends to bind only his principal and the burden of proof is upon him who undertakes to

establish the agent's personal liability. This argument may prove more useful to the defendant on a motion to strike than here on demurrer.

In any event, "care should be used that the elements of contract and breach are properly alleged, for if these elements are not stated, the motion for judgment is insufficient." *Friend's Virginia Pleading and Practice*, § 24-3, citing *Branning Mfg. Co. v. Norfolk-Southern Ry.*, 138 Va. 43, 121 S.E. 74 (1924). The essential elements of a cause of action for breach of contract are (1) a legal obligation of the defendant to the plaintiff, (2) a violation or breach of that duty or right, and (3) consequential injury or damage to the plaintiff. *Brown v. Harms*, 251 Va. 301, 467 S.E.2d 805 (1996). Virginia courts have recognized that a demurrer will be overruled where the motion for judgment alleges and provides factual support for a distinct promise, a valuable consideration, a breach of that promise, and damages. *Friedman v. Family Financial Services*, 4 Va. Cir. 211, 212 (1984); *Thonen v. Lacey*, 20 Va. Cir. 490 (1990); *Herr & Kline, Inc. v. D & M Ins. Agency, Inc.*, 48 Va. Cir. 185 (1999).

Although the motion for judgment clearly alleges a promise made by the defendant, a breach of that promise, and damages as a result of that breach, the Virginia Supreme Court has previously ruled that the defect of failing to allege consideration will render a declaration demurrable. *Branning Mfg. Co. v. Norfolk-Southern Ry.*, 138 Va. 43, 58 (1924). The motion for judgment is the "modern equivalent of the traditional common law declaration." W. H. Bryson, *Virginia Civil Procedure*, p. 214 (1997). "Notwithstanding the relaxed rules of modern pleading, a motion for judgment based on breach of contract must still allege the consideration for the promise." *BWT Management, Inc. v. Gayle*, 44 Va. Cir. 364 (1998), citing W. H. Bryson, *Virginia Civil Procedure*, 216-17 (3d ed. 1997). "A motion for judgment based on breach of contract must allege the making of the contract, the substance of its terms, the consideration for the promise, and the defendant's breach."

The defendant argues that the plaintiffs have failed to plead consideration. Certainly, the plaintiffs' statements that they purchased the insurance and paid a premium constitute a sufficient allegation of consideration *as to the contract with the insurance carrier*. In this suit, however, the motion for judgment alleges the breach of a separate contract made between the plaintiffs and the *agent* of the insurance carrier, *made in her capacity as an individual*. In regard to *this* contract, the plaintiffs have failed to allege consideration. "Absent consideration, there is no enforceable contract and, thus, no cause of action." *BWT Management, Inc. v. Gayle*, 44 Va. Cir. 364 (1998). Consequently, the defendant's demurrer to Count I of the motion for judgment must be, and is, sustained.

*Count II: Malpractice*

Count II of plaintiffs' motion for judgment alleges a claim for malpractice. Specifically, the motion for judgment alleges that "in delivering to the plaintiffs a policy that would not replace their unique house until they had rebuilt it, something the defendant knew the plaintiffs would be unable to do, the defendant breached the standard of care for insurance agents." Motion for Judgment, paragraph 16. It is further asserted that this alleged malpractice caused the plaintiffs to suffer injury in the amount of $230,000. *Id.*, paragraph 17.

An action for professional malpractice is founded in negligence. *Seaward International, Inc. v. Price Waterhouse*, 239 Va. 585, 592, 391 S.E.2d 283 (1990). "To constitute actionable negligence, there must be a legal duty, a breach thereof, and a consequent injury which could have been reasonably foreseen by the exercise of reasonable care and prudence." *Jordan v. Jordan*, 220 Va. 160, 162, 257 S.E.2d 761 (1979). "An action for negligence only lies where there has been a failure to perform some legal duty which the defendant owes to the party injured." *Balderson v. Robertson*, 203 Va. 484, 487, 125 S.E.2d 180 (1962). "Once duty is demonstrated, the plaintiff must show breach, causation, and damages." *Herr & Kline, Inc. v. D & M Ins. Agency, Inc.*, 48 Va. Cir. 185, 187 (1999). Virginia courts have overruled demurrers where, for example, the motion for judgment alleged that the defendants "breached their duty to Plaintiff" and that the alleged breach "proximately caused the alleged damages sustained by the Plaintiff." *Id.*

In the matter before us, the defendant argues that the motion for judgment is deficient as to the claim for malpractice because it fails to allege the relationship between the plaintiffs and the defendant. Specifically, the defendant argues that the plaintiffs have failed to allege whether the defendant was acting on behalf of them or on behalf of the insurance carrier. In response, counsel for the plaintiffs has cited the Virginia Supreme Court cases of *Miller v. Quarles* and *Thurston Metals & Supply Co. v. Taylor*, both supporting the proposition that an agent's negligent performance of his principal's contract subjects the agent to tort liability to the other contracting party. *Miller v. Quarles*, 242 Va. 343, 410 S.E.2d 639 (1991); *Thurston Metals & Supply Co. v. Taylor*, 230 Va. 475, 339 S.E.2d 538 (1986).

The cases cited do, indeed, support the argument that the defendant owed a duty to the plaintiffs. However, if, as counsel for the plaintiffs argues, a duty is owed to the plaintiffs by the defendant *on account of the contract between the plaintiffs and the insurance carrier*, it follows that there is no privity of contract between the plaintiffs and the defendant. If the plaintiffs wish to proceed with this line of argument, it appears they would stumble upon the

economic loss rule, which provides that "an agent who intentionally or negligently fails to perform duties to his principal is not thereby liable to a person whose economic interests are thereby harmed." Restatement, Agency 2d, § 357. "The common law does not recognize a negligence claim for purely economic damages against one not in contractual privity with the claimant." *Stoney v. Franklin*, 54 Va. Cir. 591 (2001). The Supreme Court of Virginia has recognized that although an agent can be held liable for negligent performance of a contract to which he is not a party, without privity of contract, Virginia's economic loss doctrine precludes the recovery of damages based upon economic loss alone. *Gerald M. Moore and Sons, Inc. v. Drewry*, 251 Va. 277, 279 (1996).

Here, the damages alleged in the motion for judgment in regard to Count II are purely economic. Therefore, *if*, as plaintiffs' oral argument suggested, the defendant owed a duty to the plaintiffs *solely* by virtue of the contract between the plaintiffs and the insurance carrier, in light of the fact that the only damages alleged are purely economic, the Court would be compelled to sustain the demurrer to this count for failure to state a viable cause of action. *Stoney v. Franklin*, 54 Va. Cir. 591 (2001).

The plaintiffs, however, have also directed the Court's attention to cases recognizing that "it is now well established, in Virginia and elsewhere, that an insurance professional owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting insurance." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1470, n. 15 (4th Cir. 1996). Thus, it appears that a common law duty may arise from the relationship between an insurance agent and the insured, a duty that is *separate and distinct* from that derived from a contract between the parties. Therefore, *if* the plaintiffs have alleged the existence of a duty, independent of any contract, then a viable cause of action may still exist. Such a duty, however, must not arise from either the contract between the plaintiffs and the insurance carrier or from the plaintiffs' separate oral contract they allege was made with the defendant. If an independent common law duty has not been alleged, then this is a case grounded in contract and an action for negligence cannot survive.

"In determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained." *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344 (1998). The distinction is significant because a "tort action cannot be based solely on a negligent breach of contract." *Id*. In *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, the Supreme Court of Virginia stated:

> "If the cause of complaint be for an act or omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort."

*Id.*, at 558, quoting *Oleyar v. Kerr, Trustee*, 217 Va. 88, 90 (1976).

The Court in *Richmond Metropolitan Authority* also "acknowledged that a party can, in certain circumstances, show both a breach of contract and a tortious breach of duty." *Id.* However, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Id.*, citing *Spence v. Norfolk & W. RR.*, 92 Va. 102, 116, 22 S.E. 815 (1895).

In summary, if the defendant's duty to the plaintiffs arose solely from the plaintiffs' contract with the insurance carrier, the economic loss rule will bar recovery and the demurrer to the motion for judgment would be sustained for failure to allege a viable cause of action. Further, if the defendant's duty to the plaintiffs arose solely from either the plaintiffs' contract with the insurance carrier or from her own separate contract with the plaintiffs, the demurrer will also be sustained for failure to allege a viable cause of action due to the action's being founded upon contract rather than tort. However, *if* the plaintiffs have managed to allege the existence of a common law duty, independent of any contract, a viable cause of action will have been pleaded.

After a thorough review of the motion for judgment, the Court is unable to conclude that a common law duty, supporting a claim for negligence, has been alleged. Accordingly, the Court must presume that the defendant's duty owed to the plaintiffs is founded solely upon contract. If a common law duty has arisen from the relationship between the plaintiffs and the defendant, separate and distinct from any contract, it should be more clearly alleged so that the Court can determine if a viable cause of action exists. As alleged, however, it appears the appropriate remedy as to this count is a cause of action for breach of contract, if such can be properly alleged. From the facts alleged in the motion for judgment, however, a cause of action for negligence will not stand. Consequently, the defendant's demurrer to Count II of the motion for judgment must be, and is, sustained for failure to allege a viable cause of action.

### Count III: Constructive Fraud

Count III of the plaintiffs' motion for judgment alleges a claim for constructive fraud. "The essence of constructive fraud is negligent misrepresentation." *Id.*, 256 Va. 553 at 559. "It does not impose any state-of-mind requirement like that necessary for a showing of actual fraud. The culpability range begins with a false representation innocently made and goes no higher than one negligently made." *Stoney v. Franklin*, 54 Va. Cir. 591 (2001). "Constructive fraud never involves any conduct more egregious than mere negligence." *Id.*

Because "constructive fraud is effectively nothing more than a claim of negligence," the same conclusion as that stated in regard to Count II will apply. *Virginia Transformer Corp. v. P. D. George Co.*, 932 F. Supp. 156, 163 (W.D. Va. 1996). Recognizing that a "tort action cannot be based solely on a negligent breach of contract," the Supreme Court of Virginia has found that, where the allegations of constructive fraud "are nothing more than allegations of negligent performance of contractual duties," such allegations will not be actionable in tort. *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559 (1998).

On account of the inability to clearly allege the existence of a common law duty, independent of any contract, this cause of action will not stand. If a common law duty has arisen from the relationship between the plaintiff and the defendant, separate and distinct from any contract, it should be more clearly alleged so that the Court can determine if a viable cause of action exists. As alleged, however, the appropriate remedy as to this count is a cause of action for breach of contract, if such can be properly alleged. Further, the Court notes that the fraud exception to the economic loss rule is applicable only for actual fraud, not constructive fraud. *Virginia Transformer Corp. v. P. D. George Co.*, 932 F. Supp. 156, 163 (W.D. Va. 1996). Consequently, the defendant's demurrer to Count III of the motion for judgment must be, and is, sustained for failure to state a viable cause of action.

### Count IV: Actual Fraud

Count IV of the motion for judgment states a claim for actual fraud. Fraud is a tort that "involves a misrepresentation, detrimentally relied upon, that occasions a loss." *House v. Kirby*, 233 Va. 197, 200, 355 S.E.2d 303 (1987). "The duty to refrain from fraudulent acts is imposed by tort law, not by any contract between the parties." *Id.* Significantly, and as opposed to the preceding claims involving negligence, "the character of fraud is not changed

from tort to contract merely because the parties are also engaged in a contractual relationship." *Id*. In addition, as the Court has noted above, actual fraud is immune from the economic loss rule. *Virginia Transformer Corp. v. P. D. George Co.*, 932 F. Supp. 156, 163 (W.D. Va. 1996). Accordingly, the reasoning so devastating to the claims for malpractice and constructive fraud do not apply to the claim for actual fraud. The Court must now determine if the allegations of actual fraud have been pleaded with sufficient particularity.

"To maintain a claim for fraud, the pleading must be distinctly stated so that the defendant has the opportunity to shape his defense accordingly." *Devansky v. Dryvit Systems, Inc.*, 52 Va. Cir. 359 (2000), citing *Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295 (1996). Ultimately, a plaintiff asserting a cause of action for actual fraud will bear the burden of proving by clear and convincing evidence (1) a false representation, (2) of a material fact (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Id*., citing *Richmond Metropolitan Auth. v. McDevitt*, 256 Va. 553, 557-58 (1998).

A review of the motion for judgment reveals the following allegations in regard to the above-noted elements. First, the plaintiffs have alleged that the defendant falsely represented that (1) the insurance carrier would "promptly write them a check for the full replacement cost" in the event of a fire, (2) she would be personally liable to the plaintiffs in the event that she undervalued the house, and (3) "she had her own insurance to cover such liability." Motion for Judgment, paragraphs 7-8. Second, the plaintiffs have expressly alleged that the above representations were material facts. *Id*., paragraph 22. The material nature of the statements is evident in the plaintiffs' allegation that "without the payment for replacement costs, plaintiffs could not possibly replace the house." *Id*., paragraph 11. Third, the plaintiffs have expressly alleged that the above-noted representations were made "with the full knowledge of their falsity" and that they were "willful, wanton and/or malicious, or were done in reckless disregard of the plaintiffs' rights." *Id*., paragraphs 22-23. Fourth, the plaintiffs have alleged that the representations were made with the intent to mislead in that they were made "for the purpose of inducing plaintiffs to pay her money for the misrepresented insurance product." *Id*., paragraph 22. Fifth, the plaintiffs have expressly alleged their reliance upon the representations. The motion for judgment alleges that the plaintiffs "stated [to the defendant] that they did not know the value of the house as it stood or what it would cost to replace it." *Id*., paragraph 5. It is alleged that, after the plaintiffs revealed their lack of knowledge to the defendant, the defendant gave a value to the house and the additional building materials. *Id*., paragraph 5. The motion for judgment then specifies the exact

statements made by the defendant in regard to the policy and her own liability. The plaintiffs allege that "based upon the above representations," they agreed to purchase the insurance. *Id.*, paragraph 9. Finally, the plaintiffs have alleged that they suffered injury as a proximate result of the actual fraud. *Id.*, paragraph 24.

However, since fraud turns upon the exact words alleged to have been used, in such cases, the statements upon which the tort is premised must be specifically pleaded. *Peterson v. Bass*, 48 Va. Cir. 206, 210 (1999). "Such cases may turn upon whether the statements alleged contain factual statements as opposed to an opinion, so the actual words upon which the tort of fraud is premised are critical to the pleading and the viability of the action." *Id.* Here, the motion for judgment alleges that the defendant promised that the policy would provide prompt coverage for the full replacement cost and that, in the event she had undervalued the house, she would be personally liable for any excess and had her own insurance to cover such liability. These are statements of fact and the plaintiffs have clearly alleged that they were relied upon in deciding to purchase the insurance.

The defendant argues that the plaintiffs have failed to allege the *exact* statements made. To demand that these statements be any more exact would be to demand that they contain actual quotation marks around them. The Court is not aware of, and the defendant has failed to provide, any authority requiring that the alleged statements be accompanied by quotation marks. Although the plaintiffs have stopped short of providing statements enclosed with actual quotation marks, the exact statements made by the defendant have been alleged sufficiently enough so that the Court may determine that the statements made were statements of fact and so the defendant has been afforded an opportunity to shape her defense accordingly.

In addition, the "facts out of which the fraud arises, including the identity of the person or persons making the misrepresentations and the date and time that they were made, must be alleged as well as proven." *Devansky v. Dryvit Systems, Inc.*, 52 Va. Cir. 359, 360 (2000), citing *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778 (1978). The defendant argues that the motion for judgment fails to allege *when* the statements were made. The rationale behind the requirement that the date and time of the misrepresentations be alleged is to ensure that the statements allegedly relied upon were made prior to the action taken by a plaintiff in reliance upon those statements. If a plaintiff claims that he purchased a product in reliance upon statements made by the defendant, the Court will need to know when the statements were made before a determination can be made that the plaintiff relied upon the statements prior to taking action. As an example, in *Devansky*

*v. Dryvit Systems*, the plaintiff alleged that they relied upon advertising brochures in the purchase of their home, stating in the motion for judgment that the "builder cooperated in disseminating manufacturer's promotional materials by providing Plaintiffs with manufacturer's advertisement brochures and sales literature." *Id*. However, the plaintiff failed to allege when they actually saw the advertising brochures and sales literature. Accordingly, the Court was compelled to conclude that the amended motion for judgment was deficient in that it was "not alleged that Plaintiffs even saw Dryvit's advertising materials upon which they allegedly relied prior to having purchased their home." *Id*. No facts were alleged to indicate knowledge or reliance *prior* to purchase. *Id*.

Unlike *Devansky*, the motion for judgment in the matter before us makes it abundantly clear that the statements allegedly relied upon were made *prior* to the purchase of the insurance. Specifically, it is alleged that the defendant contacted the plaintiffs in September of 1996, that "at that time" the plaintiffs were in the process of building their house, that, "after hearing defendant talk about insurance," the plaintiffs told the defendant they wanted coverage, and "based upon" the defendant's representations that the policy would provide prompt coverage for the full replacement cost and that she had her own insurance to cover liability for undervaluing the house, the plaintiffs agreed to purchase the insurance and paid a premium. Motion for Judgment, paragraphs 2-9. Further, the allegation that these representations were made in September of 1996 is distinct enough to provide the defendant with the opportunity to shape her defense accordingly.

Finally, the defendant argues that the plaintiffs' fraud claim is based upon statements of future performance. The defendant's argument appears to arise from the choice of language contained in the motion for judgment as to the alleged representations of the defendant. The motion for judgment alleges the defendant represented that "if" the plaintiffs bought the insurance, the house "would be" covered for its full replacement cost, and "in the event that" she had undervalued the house, "she would be" personally liable to the plaintiffs. In this regard, the defendant's argument appears to rest upon trivial technicalities of the English language. The defendant could just as easily have phrased her promises as follows: "The policy I am now offering you covers the full replacement cost and I am liable for undervaluations, something my insurance covers."

Applied to other circumstances, the defendant's argument asserts that a claim for fraud may exist if a used car salesman tells a customer, "the brakes on this car work," but not if he states, "*if* you buy this car, you *will* find that the brakes work." Counsel for the defendant may then be disappointed to learn

that they may have a claim for fraud if they go to a fast-food restaurant and are informed that the hamburgers "do not contain kangaroo meat," but not if they are merely informed, "*if* you purchase a hamburger, it *will* not contain kangaroo meat." In each circumstance, the former statement is phrased as one of an existing fact while the latter statement is technically phrased as one of future performance. The distinction is trivial. Although a college English professor may wish to harp on the details of this distinction, this Court is less concerned with how the promises are phrased than it is with the actual nature of those promises.

The real issue here is whether the alleged promises, however phrased, are promises of existing fact or of future performance. The defendant does correctly point out that "fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Blair Const., Inc. v. Weatherford*, 253 Va. 343, 346 (1997), citing *Soble v. Herman*, 175 Va. 489, 500, 9 S.E.2d 459 (1940). The rationale for this rule is that "were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." *Lloyd v. Smith*, 150 Va. 132, 145, 142 S.E. 363 (1928). In the matter before us, however, the fraud claim is not predicated upon the unfulfilled promises of either of the two alleged contracts. Count I, for breach of contract, has attempted to allege a claim for these unfulfilled promises. Rather, the fraud claim is predicated upon false representations, intentionally made in an effort to *induce* the plaintiffs into purchasing the policy. This distinction has been recognized by the Supreme Court of Virginia in *Blair Const., Inc. v. Weatherford*; a case cited by the defendant to support her argument that the representations made must be about a present or existing fact. In *Blair Construction*, the Court emphasized this distinction, stating:

> While failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud. But the promisor's intention — his state of mind — is a matter of fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud.

*Blair Const., Inc. v. Weatherford*, 253 Va. 343, 348 (1997), citing *Lloyd v. Smith*, 150 Va. 132, 145-47 (1928).

This distinction has been aptly emphasized in the motion for judgment. The representations alleged in the motion for judgment, regardless of the manner in which they are phrased, do not amount to unfulfilled promises of

512

future events. The contents of the policy, like the contents of the hamburger, constitute a pre-existing fact. The existence of the defendant's liability and liability coverage is no different.

All of the allegations concerning actual fraud have been pleaded with sufficient particularity so that the defendant has been provided with the opportunity to shape her defense accordingly. Consequently, the defendant's demurrer to Count IV of the motion for judgment must be, and is, overruled.

## *Conclusion*

For the foregoing reasons, the defendant's demurrer is sustained as to Count I, Count II, and Count III. The demurrer is overruled as to Count IV. Recognizing that "leave to amend should be liberally granted in furtherance of the ends of justice," the Court will allow the plaintiffs to file an amended motion for judgment within ten days of the date of this letter.