344

# CIRCUIT COURT OF CHESTERFIELD COUNTY

Cindy Parrish

v.

Affordable Dentures Dental
Laboratories, Inc., et al.

August 9, 2006

Case No. CL06-14

By Judge Herbert C. Gill, Jr.

This matter came before the Court on June 20, 2006, on Defendant's Partial Demurrer and Motion to Dismiss Affordable Dentures Laboratory, Inc. After reviewing the memoranda submitted by both parties and hearing the arguments in court, the Court now issues its ruling.

*Motion to Dismiss Affordable Dentures Laboratory, Inc.*

Defendants made a motion to dismiss with prejudice the claim against Affordable Dentures Laboratory, Inc., on the basis it was an improper defendant in this action. In its memorandum, Defendants provided that Affordable Dentures is not an entity, but rather a servicemark, and is not therefore capable of being sued. Plaintiff argued in response that she was unaware of all parties with potential involvement in the matter and that she was unable to find a fictitious name certificate for the entity to discern the true responsible party; she sued all in order to protect all claims.

In court, the parties stipulated that Plaintiff agreed to drop certain named parties that did not exist. The Court will accept this stipulation and enter an order dismissing the named parties from the suit as agreed by the

parties in court on June 20, 2006. Any entities whose removal from the matter was not stipulated to by both sides will remain active in the case.

## Motion for Partial Demurrer

Defendants demur to the following claims in the Motion for Judgment: intentional infliction of emotional distress, negligent infliction of emotional distress, actual fraud, punitive damages, constructive fraud, and manufacturer's and seller/supplier's duty to inspect, and the Virginia Consumer Protection Act. The Court will address each of these claims separately, applying the standard of review for a demurrer and determining only "whether the factual allegations of the [Motion for Judgment] are sufficient to state a cause of action," *Harris v. Kreutzer*, 271 Va. 188, 196 (2006), *citing Riverview Farm Assocs., Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427 (2000) (internal citation omitted), accepting all material facts that are properly pleaded as true. *Id.*

## Intentional and Negligent Infliction of Emotional Distress

A claim for Intentional Infliction of Emotional Distress (IIED) requires the proving of four elements: "One, the wrongdoer's conduct was intentional or reckless. . . . Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. . . . Three, that there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe." *Womack v. Eldridge*, 215 Va. 338, 342 (1974). In order for conduct to be considered "intentional" and/or "reckless," it must be shown that "the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result." *Id.*, at 342. In this case, Count III of the Motion for Judgment sufficiently pleads all four required elements and therefore, Defendants' demurrer to Count III is overruled.

In comparison to a claim for IIED, a claim for Negligent Infliction of Emotional Distress (NIED) requires the Plaintiff to show both an emotional disturbance and a resulting physical injury, even if the Plaintiff is unable to show a physical impact, provided that "the injured party properly plead by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence." *Hughes v. Moore*, 214 Va. 27, 34 (1973). In this case, the Motion for Judgment provides that she has physical injuries "including but not limited

to increased health risk due to heightened blood pressure." Motion for Judgment, p. 14, ¶ 50. The Court therefore finds that a physical injury was sufficiently pleaded by Plaintiff and it is a question for the jury as to whether such a physical injury exists and whether it was proximately caused by the Defendant's actions. The Defendant's demurrer to Count IV is overruled.

## Actual and Constructive Fraud

A claim for actual fraud "must be distinctly stated so that the defendant has the opportunity to shape his defense accordingly." *Devansky v. Dryvit Systems, Inc.*, 52 Va. Cir. 359 (2000); *citing, Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295 (1996). Ultimately, a plaintiff asserting a cause of action for actual fraud will bear the burden of proving by clear and convincing evidence (1) a false representation, (2) of a material fact (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Id; citing, Richmond Metropolitan Auth. v. McDevitt*, 256 Va. 553, 557-58 (1998). In this matter, the Plaintiff has pleaded that Defendants falsely represented to her that she would be getting custom dentures, that she needed certain teeth extracted, and that the dentures she was provided with actually fit her and were selected from all styles available. She alleges that these statements were made intentionally and were made to mislead her into purchasing the services on which she relied and was thereby damaged. There is no requirement that the Motion for Judgment provide the quotations of the actual statements made. As all the required elements of fraud were pleaded with particularly, the Defendants' demurrer to Count V is overruled.

Conversely, "the essence of constructive fraud is negligent misrepresentation." *Id.* at 559. "It does not impose any state-of-mind requirement like that necessary for a showing of actual fraud. The culpability range begins with a false representation innocently made and goes no higher than one negligently made." *Stoney v. Franklin*, 54 Va. Cir. 591 (2001). Plaintiff states essentially the same set of facts to prove constructive fraud as actual. As the crux of the difference between actual and constructive fraud is the *intent* with which the statements were made, the Court finds that this is a question for the jury and that a cause of action for constructive fraud is sufficiently stated, therefore the Defendants' demurrer to Count VII is overruled.

## Punitive Damages

As Plaintiff's claim for actual fraud stands, so shall Plaintiff's claim for punitive damages. *Bowers v. Westvaco Corp.*, 244 Va. 139, 150 (1993) (providing that a plaintiff may recover punitive damages when sufficient evidence is presented that the defendant's acts were wanton and/or willful so as to show a conscious disregard for the rights of others or malicious conduct). Defendants' demurrer to Count VI is overruled.

## Duty to Inspect and Virginia Consumer Protection Act

Finally, Defendants seek to have Counts VIII, IX, and X dismissed on the basis that these Counts are not directed at them but rather another entity, Affordable Dentures, Inc. As the Court has declined to rule on the dismissal of any parties from the suit and rather will accept the parties' stipulation as to the captioning of the matter, it will decline to rule on this portion of the demurrer at this time.